## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MEGAN JURIC and JUSTINE STUHL, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DICK'S SPORTING GOODS, INC.,**<br><br>**Defendant.** | **CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>2:20-cv-651 |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Megan Juric and Justine Stuhl ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, Outten & Golden LLP, Shavitz Law Group, P.A., and Carlson Lynch LLP, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.      This lawsuit seeks to recover unpaid overtime compensation for Plaintiffs and their similarly situated co-workers who have worked for Defendant Dick's Sporting Goods, Inc. ("Dick's") in the United States as exempt-classified Assistant Sales Mangers and Assistant Store Managers, however variously titled (collectively, "Assistant Managers") at Defendant's retail locations nationwide.

2.      Plaintiffs bring this action to recover unpaid overtime compensation for themselves and similarly situated Assistant Managers as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

3.      Plaintiff Juric also brings this action to recover unpaid overtime compensation for herself and similarly situated Ohio Assistant Managers as a Rule 23 of the Federal Rules of Civil Procedure class action under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code Ann. §§ 4111.01-.99, and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code Ann. § 4113.15 (collectively, the "Ohio Wage Laws").

4.      Plaintiff Stuhl also brings this action to recover unpaid overtime compensation for herself and similarly situated New Jersey Assistant Managers as a Rule 23 class action under the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. §§ 34:11-56a to -56a30.

5.      Dick's is a retail sporting goods chain which operates approximately 726 retail locations across the country.

6.      Dick's had approximately $8.8 billion in net sales in fiscal year 2019.

7.      Dick's misclassified Plaintiffs and other Assistant Managers as exempt from the overtime requirements of the FLSA, Ohio Wage Laws, and NJWHL.

8.      Dick's required Plaintiffs and other Assistant Managers to work more than 40 hours per workweek without paying them any overtime compensation and Plaintiffs and other Assistant Managers did in fact work more than 40 hours per workweek without receiving overtime compensation.

9.      Plaintiffs and other Assistant Managers performed substantially the same duties in all Dick's retail locations nationwide.

10.      Plaintiffs and Assistant Managers spent the majority of their time performing the same duties that non-exempt restaurant employees performed, including: running the registers, stocking, cleaning, processing shipments, building displays, selling firearms, unloading trucks

and stocking items in their proper department, cutting open boxes, and putting items away.

Performing these tasks was the primary duty of the Assistant Manager position.

11.     On December 23, 2019, the parties entered into a tolling agreement to toll the

statute of limitations for the claims of Plaintiffs arising under the FLSA or similar state laws,

effective December 23, 2019.  The parties attempted but were unable to reach a resolution on

tolling the claims of all members of the FLSA Collective, thus prompting the filing of this action.

## THE PARTIES

### Plaintiffs

#### *Plaintiff Megan Juric*

12.     Plaintiff Juric is an adult individual who is a resident of Garfield Heights, Ohio.

13.     Plaintiff Juric was employed by Defendant as an Assistant Manager-Operations

and Assistant Manager-Softlines at various Dick's retail locations in Ohio from approximately

November 2014 to April 2019.

14.     While employed by Defendant as an Assistant Manager, Plaintiff Juric regularly

worked more than 40 hours per week and often worked between 50 and 60 hours per week for

Defendant.

15.     Pursuant to Dick's policy and pattern or practice, Dick's did not pay Plaintiff

Juric overtime premium pay when she worked as an Assistant Manager in excess of 40 hours in a

workweek.

16.     Pursuant to Dick's policy and pattern or practice, Dick's classified Plaintiff Juric as

exempt from overtime protections when she worked as an Assistant Manager for Defendant.

17.     As an Assistant Manager in both Operations and Softlines, Plaintiff Juric typically

performed non-exempt duties including running the registers, stocking, cleaning, processing

3

shipments, building displays, selling firearms, unloading trucks and stocking items in their

proper department, cutting open boxes, and putting items away.

18.     Plaintiff Juric is a covered employee within the meaning of the FLSA and the

Ohio Wage Laws.

19.     A written consent to join form for Plaintiff Juric is attached hereto as **Exhibit A**.

*Plaintiff Justine Stuhl*

20.     Plaintiff Stuhl is an adult individual who is a resident of Mantua, New Jersey.

21.     Plaintiff Stuhl was employed by Defendant as an Assistant Manager-Softlines at a

Dick's retail location in Cherry Hill, New Jersey from approximately March 2014 to June 2017,

and in Deptford, New Jersey from approximately July 2017 to August 2018.

22.     While employed by Defendant as an Assistant Manager, Plaintiff Stuhl regularly

worked more than 40 hours per week and often worked between 50 and 60 hours per week for

Defendant.

23.     Pursuant to Dick's policy and pattern or practice, Dick's did not pay Plaintiff

Stuhl overtime premium pay when she worked as an Assistant Manager in excess of 40 hours in

a workweek.

24.     Pursuant to Dick's policy and pattern or practice, Dick's classified Plaintiff Stuhl as

exempt from overtime protections when she worked as an Assistant Manager for Defendant.

25.     As an Assistant Manager-Softlines, Plaintiff Stuhl typically performed non-

exempt duties including running the registers, stocking, cleaning, processing shipments, building

displays, selling firearms, unloading trucks and stocking items in their proper department, cutting

open boxes, and putting items away.

26.     Plaintiff Stuhl is a covered employee within the meaning of the FLSA and the NJWHL.

27.     A written consent to join form for Plaintiff Stuhl is attached hereto as **Exhibit B**.

**Defendant**

28.     Dick's principal executive office is located at 345 Court Street, Coraopolis, Pennsylvania 15108.

29.     Dick's is a covered employer within the meaning of the FLSA, Ohio Wage Laws, and NJWHL.

30.     At all times relevant, Dick's maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

31.     Dick's applies the same employment policies, practices, and procedures to all Assistant Managers at all Dick's retail locations, including policies, practices, and procedures with respect to the payment of overtime compensation.

32.     At all times relevant, Dick's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

33.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

34.     Plaintiffs' state law claims are so closely related to Plaintiffs' claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

35.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

36.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

37.     Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391 because Defendant has its principal place of business in the District and a substantial part of the events or omissions giving rise to the claims occurred in this District.  Defendant is subject to personal jurisdiction in Pennsylvania.

## COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who worked as Assistant Managers at Dick's retail locations nationwide at any time since May 4, 2017 (the "FLSA Collective") who elect to opt into this action.

39.     Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the members of the FLSA Collective.

40.     Consistent with Defendant's policy and pattern or practice, Plaintiffs and the members of the FLSA Collectives were not paid overtime premium compensation when they worked beyond 40 hours in a workweek.

41.     All of the work that Plaintiffs and the members of the FLSA Collectives have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

42.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to

Plaintiffs and the members of FLSA Collective. This policy and pattern or practice includes, but is not limited to:

(a) willfully failing to pay Plaintiffs and the members of the FLSA Collective premium overtime wages for hours that they worked in excess of 40 hours per workweek;

(b) willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and

(c) willfully failing to record all of the time that its employees, including Plaintiffs and the members of the FLSA Collective, have worked for the benefit of Defendant.

43.     Defendant is aware or should have been aware that federal law required it to pay Plaintiffs and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

44.     Plaintiffs and the members of the FLSA Collective perform or performed the same primary duties.

45.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

46.     There are many similarly situated current and former Assistant Managers who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

47.     Similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

48.     Notice should be sent to the FLSA Collectives pursuant to 29 U.S.C. § 216(b).

## **OHIO CLASS ACTION ALLEGATIONS**

49.     Plaintiff Juric brings the Second and Third Causes of Action, the Ohio Wage Law claims, under Rule 23, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as exempt-classified
> Assistant Sales Mangers and Assistant Store Managers, however
> variously titled ("Assistant Managers") at any Dick's retail location
> in Ohio between May 4, 2018 and the date of final judgment in this
> matter (the "Ohio Rule 23 Class").

50.   Excluded from the Ohio Rule 23 Class are Defendant, Defendant's legal

representatives, officers, directors, assigns, and successors, or any individual who has, or who at

any time during the class period has had, a controlling interest in Defendant; the Judge(s) to

whom this case is assigned and any member of the Judge(s)' immediate family; and all persons

who will submit timely and otherwise proper requests for exclusion from the Ohio Rule 23 Class.

51.   The members of the Ohio Rule 23 Class are so numerous that joinder of all

members is impracticable.  Although the precise number of such persons is not known to

Plaintiff Juric, the facts on which the calculation of that number can be based are presently

within the sole control of Defendant.

52.   Upon information and belief, there are approximately 48 Dick's retail locations in

Ohio with several Assistant Managers at each location and therefore the size of the Ohio Rule 23

Class is at least 75 individuals.

53.   Defendant has acted or has refused to act on grounds generally applicable to the

Ohio Rule 23 Class, thereby making appropriate final injunctive relief or corresponding

declaratory relief with respect to the Ohio Rule 23 Class as a whole.

54.   Common questions of law and fact exist as to the Ohio Rule 23 Class that

predominate over any questions only affecting them individually and include, but are not limited to,

the following:

      (a)   whether Defendant violated the Ohio Wage Laws;

      (b)   whether Defendant failed to compensate Plaintiff Juric and the Ohio Rule
              23 Class for hours worked in excess of 40 hours per workweek;

(c)     whether Defendant misclassified Plaintiff Juric and the Ohio Rule 23 Class as exempt from the overtime requirements of the Ohio Wage Laws;

(d)     whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff Juric and the Ohio Rule 23 Class, and other records required by the Ohio Wage Laws;

(e)     whether Defendant's policy of failing to pay workers overtime was instituted willfully or with reckless disregard of the law; and

(f)     the nature and extent of class-wide injury and the measure of damages for those injuries.

55.     Plaintiff Juric's claims are typical of the claims of the Ohio Rule 23 Class she seeks to represent.

56.     Plaintiff Juric and the Ohio Rule 23 Class members work, or have worked, for Defendant as Assistant Managers.

57.     Plaintiff Juric and the Ohio Rule 23 Class members enjoy the same statutory rights under the Ohio Wage Laws, including the right to be paid overtime wages for all overtime hours worked.  Plaintiff Juric and the Ohio Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the Ohio Wage Laws. Plaintiff Juric and the Ohio Rule 23 Class members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

58.     Plaintiff Juric will fairly and adequately represent and protect the interests of the members of the Ohio Rule 23 Class.  Plaintiff Juric understands that, as class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff Juric recognizes that, as class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests. Plaintiff Juric understands that, in decisions regarding the conduct of the litigation and its

possible settlement, she must not favor her own interests over the class.  Plaintiff Juric

recognizes that any resolution of a class action must be in the best interest of the class.

Plaintiff Juric understands that, in order to provide adequate representation, she must be

informed of developments in litigation, cooperate with class counsel, and testify at deposition

and/or trial.

59.     Plaintiff Juric has retained counsel competent and experienced in complex class

actions and employment litigation.  There is no conflict between Plaintiff Juric and the Ohio

Rule 23 Class members.

60.     A class action is superior to other available methods for the fair and efficient

adjudication of this litigation—particularly in the context of wage litigation like the present

action, where an individual plaintiff may lack the financial resources to vigorously prosecute a

lawsuit in federal court against a corporate defendant.  The members of the Ohio Rule 23 Class

have been damaged and are entitled to recovery as a result of Defendant's violations of the Ohio

Wage Laws.  Although the relative damages suffered by individual Ohio Rule 23 Class members

are not *de minimis*, such damages are small compared to the expense and burden of individual

prosecution of this litigation.  The individual plaintiffs lack the financial resources to conduct a

thorough examination of Defendant's timekeeping and compensation practices and to prosecute

vigorously a lawsuit against Defendant to recover such damages.  In addition, class litigation is

superior because it will obviate the need for unduly duplicative litigation that might result in

inconsistent judgments about Defendant's practices.

61.     This action is properly maintainable as a class action Rule 23(b)(3).

## NEW JERSEY CLASS ACTION ALLEGATIONS

62.     Plaintiff Stuhl brings the Fourth Cause of Action, the NJWHL claim, under Rule 23, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as exempt-classified Assistant Sales Mangers and Assistant Store Managers, however variously titled ("Assistant Managers") at any Dick's retail location in New Jersey between May 4, 2014 and the date of final judgment in this matter (the "New Jersey Rule 23 Class").

63.     Excluded from the New Jersey Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New Jersey Rule 23 Class.

64.     The members of the New Jersey Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff Stuhl, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

65.     Upon information and belief, there are approximately 22 Dick's retail locations in New Jersey with several Assistant Managers at each location and therefore the size of the New Jersey Rule 23 Class is at least 40 individuals.

66.     Defendant has acted or has refused to act on grounds generally applicable to the New Jersey Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New Jersey Rule 23 Class as a whole.

67.     Common questions of law and fact exist as to the New Jersey Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(g)     whether Defendant violated the NJWHL;

(h)     whether Defendant failed to compensate Plaintiff Stuhl and the New Jersey Rule 23 Class for hours worked in excess of 40 hours per workweek;

(i)     whether Defendant misclassified Plaintiff Stuhl and the New Jersey Rule 23 Class as exempt from the overtime requirements of the NJWHL;

(j)     whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff Stuhl and the New Jersey Rule 23 Class, and other records required by the NJWHL;

(k)     whether Defendant's policy of failing to pay workers overtime was instituted willfully or with reckless disregard of the law; and

(l)     the nature and extent of class-wide injury and the measure of damages for those injuries.

68.     The claims of Plaintiff Stuhl are typical of the claims of the New Jersey Rule 23 Class she seeks to represent.

69.     Plaintiff Stuhl and the New Jersey Rule 23 Class members work, or have worked, for Defendant as Assistant Managers.

70.     Plaintiff Stuhl and the New Jersey Rule 23 Class members enjoy the same statutory rights under the NJWHL, including the right to be paid overtime wages for all overtime hours worked.  Plaintiff Stuhl and the New Jersey Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the NJWHL.  Plaintiff Stuhl and the New Jersey Rule 23 Class members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

71.     Plaintiff Stuhl will fairly and adequately represent and protect the interests of the members of the New Jersey Rule 23 Class.  Plaintiff Stuhl understands that, as class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff Stuhl recognizes that, as class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests. Plaintiff Stuhl understands that, in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class.  Plaintiff Stuhl recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff Stuhl understands that, in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

72.     Plaintiff Stuhl has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff Stuhl and the New Jersey Rule 23 Class members.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New Jersey Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the NJWHL.  Although the relative damages suffered by individual New Jersey Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages.  In

addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices. This action is properly maintainable as a class action under Rule 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

73. Throughout their employment with Defendant, Plaintiffs and the members of the FLSA Collective and the Ohio and New Jersey Rule 23 Classes (collectively, "Class Members") regularly worked more than 40 hours per week.

74. Plaintiffs' and the Class Members' primary job duties are common throughout Dick's retail locations nationwide.

75. Defendant was aware that Plaintiffs and the Class Members worked more than 40 hours per workweek, yet Defendant failed to pay overtime compensation for hours worked over 40 in a workweek.

76. Defendant did not keep accurate records of hours worked by Plaintiffs or the Class Members.

77. Plaintiffs' and the Class Members' primary duties were routine, non-exempt tasks including, but not limited to:  running the registers, stocking, cleaning, processing shipments, building displays, selling firearms, covering cashier's breaks, helping with trucks by unloading and putting the items in their proper department, cutting open boxes, and putting items away.

78. Plaintiffs and the Class Members spent the majority of their time as Assistant Managers performing these duties that were the same as or similar to tasks performed by hourly, non-exempt employees.

79. Plaintiffs' and the Class Members' primary duties as Assistant Managers did not differ substantially from the duties of hourly, non-exempt employees.

80.     Plaintiffs' and the Class Members' primary job duties as Assistant Managers did not include:

(a)     hiring;

(b)     firing;

(c)     making recommendations for hiring, firing, or other employment decisions;

(d)     scheduling; or

(e)     disciplining other employees.

81.     Plaintiffs' and the Class Members' primary job duties as Assistant Managers were not directly related to Defendant's management or general business operations.

82.     Plaintiffs' and the Class Members' primary job duties as Assistant Managers did not include the exercise of discretion or independent judgment regarding matters of significance.

83.     Plaintiffs and the Class Members, as Assistant Managers, were not involved in planning Defendant's long- or short-term business objectives.

84.     Plaintiffs and the Class Members, as Assistant Managers, did not formulate, affect, implement or interpret Defendant's management policies or operating practices.

85.     Plaintiffs and the Class Members, as Assistant Managers, did not carry out major assignments that affected Defendant's business operations.

86.     Plaintiffs and the Class Members, as Assistant Managers, did not have authority to commit Defendant in matters that had significant financial impact.

87.     Plaintiffs and the Class Members, as Assistant Managers, could not waive or deviate from Defendant's established policies or procedures without prior approval.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Unpaid Overtime
### (Brought on Behalf of Plaintiffs and the FLSA Collective)

88.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

89.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

90.     At all relevant times, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

91.     At all relevant times, Defendant employed Plaintiffs and the FLSA Collective.

92.     The overtime wage provisions set forth in the FLSA apply to Defendant.

93.     At all relevant times, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

94.     At all times relevant, Plaintiffs and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

95.     Defendant has failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

96.     Defendant's violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional.

97.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

98.     As a result of the unlawful acts of Defendant, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, other compensation pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief provided by law as the Court deems just and proper.

**SECOND CAUSE OF ACTION**
**Ohio Minimum Fair Wage Standards Act – Unpaid Overtime and Recordkeeping**
**(Brought on Behalf of Plaintiff Juric and the Ohio Rule 23 Class)**

99.     Plaintiff Juric re-alleges and incorporates by reference all allegations in all preceding paragraphs.

100.    Defendant engaged in a widespread pattern, policy, and practice of violating the OMFWSA, as detailed in this Class and Collective Action Complaint.

101.    At all relevant times, Defendant has been an employer within the meaning of OMFWSA.  Ohio Rev. Code Ann. § 4111.14(b).

102.    At all times relevant, Plaintiff Juric and the members of the Ohio Rule 23 Class have been employees of Defendant within the meaning of the OMFWSA.  Ohio Rev. Code Ann. § 4111.14(b).

103.    Plaintiff Juric and the Ohio Rule 23 Class are covered by the OMFWSA.

104.    In violation of the OMFWSA, Ohio Rev. Code Ann. § 4111.03(A), Defendant failed to pay Plaintiff Juric and the members of the Ohio Rule 23 Class overtime at a wage rate of one and one-half times their regular rates of pay.

105.    In violation of the OMFWSA, Ohio Rev. Code Ann. §§ 4111.08, 4111.14(F), Defendant failed to make and keep accurate records of time worked by Plaintiff Juric and the members of the Ohio Rule 23 Class.

106.    Defendant's violations of the OMFWSA, as described in this Class and Collective Action Complaint, have been willful and intentional.

107.    As a direct and proximate result of Dick's unlawful conduct, as set forth herein, Plaintiff Juric and the Ohio Rule 23 Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Dick's in an amount according to be established at trial, liquidated damages of twice the amount of unpaid wages, and reasonable attorneys' fees and costs of the action, pursuant to the OMFWSA, Ohio Rev. Code §§ 4111.10, 4111.14(J), and such other legal and equitable relief provided by law as the Court deems just and proper.

**THIRD CAUSE OF ACTION**
**Ohio Prompt Pay Act – Failure to Promptly Pay Overtime**
**(Brought on Behalf of Plaintiff Juric and the Ohio Rule 23 Class)**

108.    Plaintiff Juric re-alleges and incorporates by reference all allegations in all preceding paragraphs.

109.    Defendant engaged in a widespread pattern, policy, and practice of violating the OPPA, as detailed in this Class and Collective Action Complaint.

110.    At all relevant times, Defendant has been an employer within the meaning of OPPA.  Ohio Rev. Code Ann. § 4111.14(b).

111.    At all times relevant, Plaintiff Juric and the members of the Ohio Rule 23 Class have been employees of Defendant within the meaning of the OPPA.

112.    Plaintiff Juric and the Ohio Rule 23 Class are covered by the OPPA.

113.    In violation of the OPPA, Ohio Rev. Code Ann. § 4113.15, Defendant failed to promptly pay all wages earned to Plaintiff Juric and the Ohio Rule 23 Class within 30 days of their regularly scheduled payday.

114.    As a direct and proximate result of Dick's unlawful conduct, as set forth herein, Plaintiff Juric and the Ohio Rule 23 Class have sustained damages, including damages "in an

18

amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater," liquidated damages, and reasonable attorneys' fees and costs, pursuant to the OPPA, Ohio Rev. Code Ann. § 4113.15, and such other legal and equitable relief provided by law as the Court deems just and proper.

### FOURTH CAUSE OF ACTION
**New Jersey Wage and Hour Law – Unpaid Overtime and Recordkeeping**
**(Brought on Behalf of Plaintiff Stuhl and the New Jersey Rule 23 Class)**

115. Plaintiff Stuhl re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

116. Defendant engaged in a widespread pattern, policy, and practice of violating the NJWHL, as detailed in this Class and Collective Action Complaint.

117. At all times relevant, Defendant has been an employer within the meaning of the NJWHL. *See* N.J. Stat. Ann. § 34:11-56a1(g).

118. At all times relevant, Plaintiff Stuhl and the members of the New Jersey Rule 23 Class have been employees of Defendant within the meaning of the NJWHL. *See* N.J. Stat. Ann. § 34:11-56a1(h).

119. Plaintiff Stuhl and the New Jersey Rule 23 Class are covered by the NJWHL.

120. In violation of the NJWHL, N.J. Stat. Ann. § 34:11-56a4(b)(1), Defendant failed to pay Plaintiff Stuhl and the members of the New Jersey Rule 23 Class overtime at a wage rate of one and one-half times their regular rates of pay.

121. In violation of the NJWHL, N.J. Stat. Ann. § 34:11-56a20, Defendant failed to make and keep accurate records of time worked by Plaintiff Stuhl and the members of the New Jersey Rule 23 Class.

122. Defendant's violations of the NJWHL, as described in this Class and Collective Action Complaint, have been willful and intentional.

123.   As a direct and proximate result of Dick's unlawful conduct, as set forth herein, Plaintiff Stuhl and the New Jersey Rule 23 Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Dick's in an amount according to be established at trial, liquidated damages "equal to not more than 200 percent" of unpaid wages, and reasonable attorneys' fees and costs of the action, pursuant to the NJWHL, N.J. Stat. Ann. § 34:11-56a25, and such other legal and equitable relief provided by law as the Court deems just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.      That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice to the FLSA Collective.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C.      Unpaid overtime pay, penalties, and other damages as permitted by law pursuant to the Ohio Wage Laws and the NJWHL;

D.      Certification of the Ohio and New Jersey Rule 23 Classes pursuant to Rule 23;

E.      Designation of Plaintiff Juric as class representative of the Ohio Rule 23 Class, and counsel of record as Class Counsel;

F.      Designation of Plaintiff Stuhl as class representative of the New Jersey Rule 23 Class, and counsel of record as Class Counsel;

20

G.      Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful;

H.      Prejudgment and post-judgment interest;

I.      An injunction requiring Defendant to pay all statutorily required wages and cease the unlawful activity described herein;

J.      Reasonable incentive awards for the named Plaintiffs to compensate them for the time they have spent and will spend attempting to recover wages for Class and Collective Members and for the risks they took in doing so;

K.      Reasonable attorneys' fees and costs of the action; and

L.      Such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: May 4, 2020
Pittsburgh, Pennsylvania

Respectfully submitted,

By:  */s/ Gary F. Lynch*
      Gary F. Lynch

**CARLSON LYNCH LLP**
Gary F. Lynch (PA 56887)
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel.: (412) 322-9243
Fax: (412) 231-0246
Email: glynch@carlsonlynch.com

**OUTTEN & GOLDEN LLP**
Justin M. Swartz* (NY 4059499)
685 Third Avenue, 25th Floor
New York, NY 10017
Tel.: (212) 213-4596
Fax: (646) 509-2060
Email: jms@outtengolden.com

Pooja Shethji* (DC 1632574)
601 Massachusetts Ave NW, Suite 200W
Washington, DC 20001
Tel.: (202) 918-2382
Fax: (202) 847-4410
Email: pshethji@outtengolden.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz* (FL 11398)
951 Yamato Rd, Suite 285
Boca Raton, FL 33431
Tel.: (800) 616-4000
Fax: (561) 447-8831
Email: gshavitz@shavitzlaw.com

Michael Palitz* (NY 4841771)
830 3rd Avenue, 5th Floor
New York, NY 10022
Tel.: (800) 616-4000
Fax: (561) 447-8831
Email: mpalitz@shavitzlaw.com

*\* Pro hac vice* application forthcoming

*Attorneys for Plaintiffs and the Putative
Classes and Collective*