IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEGAN JURIC and JUSTINE STUHL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DICK'S SPORTING GOODS, INC.,<br><br>Defendant. | Civil Action No. 2:20-cv-00651-MJH<br><br>Electronically Filed |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION, STRIKE CONSENT FORM, AND DISMISS CLAIMS OF PURPORTED OPT-IN PLAINTIFF ANTHONY ALBACETE**

Defendant Dick's Sporting Goods, Inc. ("Dick's"), pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4, submits this Memorandum of Law in Support of Defendant's Motion to Compel Arbitration, Strike Consent Form, and Dismiss the Claims of the Purported Opt-in Plaintiff Anthony Albacete.[1] While Plaintiffs Megan Juric and Justine Stuhl are entitled to pursue their individual Fair Labor Standards Act (FLSA) claims in this Court action, Albacete (and the other Purported Opt-In Plaintiffs) should be compelled to pursue their claims in individual arbitration.[2]

---

[1] As explained herein, the FAA requires enforcement of the Arbitration Agreements. But even if state law governed enforcement, Dick's would be entitled to enforce them under the Indiana Uniform Arbitration Act, Ind. Code §§ 34-57-2-1, *et seq*.

[2] This memorandum of law is intended to be an extension of, and construed in conjunction with, Defendant's Memorandum of Law in support of its Motion to Compel Arbitration Strike Consent Forms, and Dismiss Claims of Purported Opt-In Plaintiffs ("Dick's Initial Brief") (ECF No. 8), filed on May 12, 2020. Accordingly, rather than restate the law and analysis previously presented in Dick's Initial Brief, it incorporates by reference Dick's Initial Brief in its entirety.

I.      INTRODUCTION

On May 13, 2020, counsel for Plaintiffs filed a Consent to Join form for Anthony Albacete (referred to herein as the "Purported Opt-in Plaintiff" or "Albacete"). (*See* ECF No. 15.) However, Albacete signed and accepted a binding Agreement to Arbitrate Claims ("Arbitration Agreement"). Albacete agreed that the FAA governs the Arbitration Agreement, and that the parties would pursue claims against each other in only individual arbitration, and not as any member in any class, representative, or group action.

Plaintiffs cannot deny that Purported Opt-in Plaintiff Albacete accepted the Arbitration Agreement. To the extent Plaintiffs might argue the Arbitration Agreement is not enforceable, it expressly delegates questions of arbitrability to the arbitrator. Thus, only an arbitrator—not the Court—may resolve any such disputes. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019). The claims of Albacete do not belong in court, and instead may be pursued only through binding individual arbitration. *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1623 (2018). Dick's respectfully requests that the Court strike the Consent to Join form for Purported Opt-in Plaintiff Albacete and dismiss him from the action, so that he may pursue his claims in arbitration as required by the FAA and his Arbitration Agreement.

II.     STATEMENT OF FACTS

      A.     **Dick's Incorporates Its Arguments and Analysis Presented in Dick's Initial Brief In Support Of Its Motion To Compel Arbitration, Strike Consent Forms, and Dismiss Claims of Purported Opt-In Plaintiffs.**

Rather than restate the contents of Dick's Initial Brief, Dick's incorporates by reference its general facts, arguments, and analysis previously set forth in that brief, as the issues of law and the analysis applicable to the facts are the same. Indeed, Albacete would have been included in that motion had his Consent to Join form been on the record as of the filing date, as the Arbitration Agreement by which Albacete is bound clearly states that the Agreement "is enforceable under

and subject to the Federal Arbitration Act." May 11, 2020 Declaration of Deborah Victorelli ("5/11/20 Victorelli Decl."), Ex. A ("2016 Agreement") at p. 2.

### 1. Albacete Accepted The Agreement And Did Not Elect To Opt Out Of The Arbitration Agreement.

Dick's rolled out the 2016 Agreement to Teammates during the time period from June to August 2016. 5/11/20 Victorelli Decl. ¶ 4. When it rolled out the 2016 Agreement, Dick's also distributed a Memorandum addressing common questions about the Agreement. *See id.*, and Ex. B. Purported Opt-in Plaintiff Albacete was employed with Dick's when it rolled out the 2016 Agreement, and he received a copy of the Agreement and the Memorandum. *See* May 15, 2020 Declaration of Deborah Victorelli ("5/15/20 Victorelli Decl."), ¶ 6. He followed through the described process, accessing the 2016 Agreement on a terminal, and confirming his acceptance of the Agreement on August 1, 2016. *Id.*; 5/11/20 Victorelli Decl., ¶¶ 5-12.

The Arbitration Agreement allows a Teammate to opt out, and not be subject to, the arbitration requirement. Notably, Plaintiffs Megan Juric and Justine Stuhl both exercised their right to opt out of the arbitration requirement. 5/11/20 Victorelli Decl., ¶ 18. However, Purported Opt-in Plaintiff Albacete did not opt out of the arbitration requirement. 5/15/20 Victorelli Decl., ¶ 7. Accordingly, he is bound to his agreement to submit his disputes against Dick's to individual arbitration.

### B. Despite His Arbitration Agreement, Albacete Filed A Consent To Join This Action, Purporting To Join The FLSA Claims Asserted Against Dick's.

On May 13, 2020, with full knowledge of the existence of the Arbitration Agreement and without first inquiring if Albacete was subject to arbitration, Plaintiffs' counsel filed a Consent to Join Form for Albacete. (ECF No. 15.) The claims sought to be joined in this putative FLSA collective action by Albacete fall within the scope of the Arbitration Agreement he entered into with Dick's. *Compare* ECF No. 1 with 5/11/20 Victorelli Decl., Ex. A.

### III. THE COURT SHOULD STRIKE ALBACETE'S CONSENT FORM AND ORDER HIM TO ARBITRATE HIS CLAIMS

#### A. The Federal Arbitration Act Applies To Albacete's Arbitration Agreement.

As affirmed by the United States Supreme Court in *AT&T Mobility, LLC v. Concepcion*, the FAA declares a liberal policy favoring the enforcement of arbitration policies, stating: "A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 563 U.S. 333, 339 (2011) (citing 9 U.S.C. § 2).[3] As set forth in Dick's Initial Brief, the 2016 Agreement to which Albacete is a party is governed by the FAA.

#### B. The Court Must Order Albacete To Individual Arbitration And Strike His Consent To Join Form.

The FAA allows no discretion, but instead directs that the "court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4; *see Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 218 (1985) (holding that "[b]y its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration").

As the United States Supreme Court confirmed in *Epic Sys. Corp.*, courts must honor agreements to arbitrate that include a waiver of the ability to participate in class or collective action proceedings, and must "respect and enforce the parties' chosen arbitration procedures." 138 S. Ct. at 1621 (holding "Congress has instructed federal courts to enforce arbitration agreements

---

[3] The same is true under the Indiana arbitration law. *See, e.g.*, *Safety Nat. Cas. Co. v. Cinergy Corp.,* 829 N.E.2d 986, 1000 (Ind. Ct. App. 2005) ("In addition, '[w]hen construing arbitration agreements, every doubt is to be resolved in favor of arbitration,' and the 'parties are bound to arbitrate all matters, not explicitly excluded, that reasonably fit within the language used.'") (citations omitted).

according to their ***terms-including terms providing for individualized proceedings***" [emphasis added]). In light of this principle, the "collective action scheme…does *not* displace the Arbitration Act or prohibit individualized arbitration proceedings." *Id.* at 1617. The Supreme Court has directed that individuals who have agreed to binding arbitration with a collective action waiver, as here, *must* be compelled to arbitration and excluded from participating in the collective action. *Id.*; *Lamps Plus v. Varela,* 139 S. Ct. 1407 (2019). This litigation does not supplant the parties' chosen arbitration procedures, and Albacete's purported Consent to Join form (ECF No. 15) serves no purpose under the FLSA. Quite simply, Albacete and the other Purported Opt-In Plaintiffs are not eligible to participate in this putative collective action. *See, e.g.*, *Bigger v. Facebook, Inc.,* 947 F.3d 1043, 1050 (7th Cir. 2020) (concluding "that a court may not authorize notice [of a collective action under the FLSA] to individuals whom the court has been shown entered mutual arbitration agreements waiving their right to join the action"); *In re JPMorgan Chase & Co.*, 916 F.3d 494, 502-03 (5th Cir. 2019); *Errickson v. Paychex, Inc.,* No. 6:19-CV-06347 EAW, 2020 WL 1307682, *8 (W.D.N.Y. Mar. 19, 2020) (rejecting plaintiffs' contention that "each potential plaintiff should be allowed to opt in to the appropriate action, regardless of whether they executed an Arbitration Agreement"). Albacete's Consent to Join Form (ECF No. 15) serves no purpose in this litigation.

Plaintiffs' strategy in filing Consent to Join Forms on behalf of individuals who are not eligible to participate in this action is contrary to the "just, speedy, and inexpensive determination" of this action as to Plaintiffs Megan Juric and Justine Stuhl (who opted out of the arbitration requirement).[4] The Court should strike the Consent to Join forms of Albacete (and the other

---

[4] *See also, e.g., Morangelli v. Chemed Corp.*, 2010 WL 11622886 (E.D.N.Y. June 17, 2010) ("It would be a disservice to judicial efficiency to certify all [employees], when those with arbitration agreements are subject to additional, prolonging motion practice which will likely disqualify them from the case."); *Daugherty v. Encana Oil & Gas (USA), Inc.*, 838 F. Supp.2d 1127, 1130 (D. Colo. 2011) (excluding individuals who signed arbitration agreements from collective)*.*

Purported Opt-in Plaintiffs) so that they can submit their claims to arbitration in accordance with the FAA and the Arbitration Agreements.

## IV. CONCLUSION

Purported Opt-in Plaintiff Albacete agreed to arbitrate disputes arising out of his employment, including questions pertaining to the enforceability and applicability of the Arbitration Agreements. The arbitrator has exclusive authority over these threshold issues. But, even if those issues are considered, the 2016 Arbitration Agreement entered into by Albacete and Dick's is enforceable, and Albacete's claims fall within the scope of his Arbitration Agreement. The FAA mandates that Albacete arbitrates his claims individually, and the Court must order him to arbitration. The Court should order stricken the Consent to Join form filed by Albacete (ECF No. 15), dismiss his from the action, and direct his to arbitrate his claims individually, along with the other Purported Opt-In Plaintiffs.

Respectfully submitted,

*/s/ Robert W. Pritchard*
Robert W. Pritchard (PA # 76979)
Katelyn W. McCombs (PA # 323746)
Megan A. Smith (PA #324901)

**LITTLER MENDELSON, P.C.**
625 Liberty Avenue, 26th Floor
Pittsburgh, PA  15222
412.201.7628 / 7641 / 7654 (t)
412.774.2296 (f)
rpritchard@littler.com
kmccombs@littler.com
mesmith@littler.com

*Attorneys for Defendant,*
Dated: May 18, 2020                *Dick's Sporting Goods, Inc.*

6

**CERTIFICATE OF SERVICE**

I certify that on this 18th day of May, 2020, a true and correct copy of the foregoing was filed using the Western District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record:

Gary F. Lynch, Esq.
CARLSON LYNCH LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Email: glynch@carlsonlynch.com

Justin M. Swartz, Esq.
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, NY 10017
Email: jms@outtengolden.com

Pooja Shethji, Esq.
OUTTEN & GOLDEN LLP
601 Massachusetts Ave NW, Suite 200W
Washington, DC 20001
Email: pshethji@outtengolden.com

/s/ Robert W. Pritchard

4817-2142-7644.1 106625.1001