## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MEGAN JURIC, JUSTINE STUHL, AEISHA MCDAVID, TIMOTHY DYE, KEN KANOWITZ, CHAD SELL, ANTHONY ALBACETE, ALEXIS LISSABET, and ALLISON HANNON, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**DICK'S SPORTING GOODS, INC.,**<br><br>**Defendant.** | **Case No. 2:20-cv-651**<br><br>**AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Megan Juric, Justine Stuhl, Aeisha McDavid, Timothy Dye, Ken Kanowitz, Chad Sell, Anthony Albacete, Alexis Lissabet, and Allison Hannon ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, Outten & Golden LLP, Shavitz Law Group, P.A., and Carlson Lynch LLP, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

### <u>NATURE OF THE ACTION</u>

1.     This lawsuit seeks to recover unpaid overtime compensation for Plaintiffs and their similarly situated co-workers who have worked for Defendant Dick's Sporting Goods, Inc. ("Dick's") in the United States as exempt-classified Assistant Sales Mangers and Assistant Store Managers, however variously titled (collectively, "Assistant Managers") at Defendant's retail locations nationwide.

2.      Plaintiffs bring this action to recover unpaid overtime compensation for themselves and similarly situated Assistant Managers as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

3.      Plaintiff Juric also brings this action to recover unpaid overtime compensation for herself and similarly situated Ohio Assistant Managers as a Rule 23 of the Federal Rules of Civil Procedure class action under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), Ohio Rev. Code Ann. §§ 4111.01-.99, and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code Ann. § 4113.15 (together, "Ohio Wage Laws").

4.      Plaintiff Stuhl also brings this action to recover unpaid overtime compensation for herself and similarly situated New Jersey Assistant Managers as a Rule 23 class action under the New Jersey Wage and Hour Law ("New Jersey Wage Law"), N.J. Stat. Ann. §§ 34:11-56a to -56a30.

5.      Plaintiff McDavid also brings this action to recover unpaid overtime compensation and other damages for herself and similarly situated New York Assistant Managers as a Rule 23 class action under the New York Labor Law, N.Y. Lab. Law §§ 190 to 199-a, 650-665, and supporting New York State Department of Labor regulations (together, "New York Wage Laws").

6.      Plaintiff Dye also brings this action to recover unpaid overtime compensation and other damages for himself and similarly situated Pennsylvania Assistant Managers as a Rule 23 class action under the Pennsylvania Minimum Wage Act ("Pennsylvania Wage Law"), 43 Pa. Stat. and Cons. Stat. §§ 333.101 - .115.

7.      Plaintiff Kanowitz also brings this action to recover unpaid overtime compensation and other damages for himself and similarly situated Colorado Assistant Managers

as a Rule 23 class action under the Colorado Wage Claim Act, Colo. Rev. Stat. §§ 8-4-101 to -4-123, and the Colorado Minimum Wage Act, Colo. Rev. Stat. §§ 8-6-101 to -6-119, as implemented by the Colorado Overtime and Minimum Pay Standards Order #36 ("Colorado Minimum Wage Act") (together, "Colorado Wage Laws").

8. Plaintiff Sell also brings this action to recover unpaid overtime compensation and other damages, like final pay penalty damages, for herself and similarly situated Oregon Assistant Managers as a Rule 23 class action under Oregon law, OR. Rev. Stat. §§ 652.010 -.100, 653.010 - .300 ("Oregon Wage Law").

9. Plaintiff Albacete also brings this action to recover unpaid overtime compensation and other damages for himself and similarly situated Indiana Assistant Managers as a Rule 23 class action under the Indiana Minimum Wage Statute, Ind. Code §§ 22-2-2-1 to -2-2-13, the Indiana Wage Payment Statute, Ind. Code §§ 22-2-5-1 to -2-5-3, and the Indiana Wage Claims Statute, Ind. Code §§ 22-2-9-0.1 to -2-9-8 (together, "Indiana Wage Laws").

10. Plaintiff Lissabet also brings this action to recover unpaid overtime compensation and other damages for herself and similarly situated Connecticut Assistant Managers as a Rule 23 class action under the Connecticut Minimum Wage Act ("Connecticut Wage Law"), Conn. Gen. Stat. §§ 31-58 to -69b.

11. Plaintiff Hannon also brings this action to recover unpaid overtime compensation and other damages for herself and similarly situated Massachusetts Assistant Managers as a Rule 23 class action under the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, §§ 148, 150, and the Massachusetts Fair Minimum Wage Act, Mass. Gen. Laws ch. 151, §§ 1-22 (together, "Massachusetts Wage Laws").

12. Dick's is a retail sporting goods chain which operates approximately 726 retail

3

locations across the country.

13.     Dick's had approximately $8.8 billion in net sales in fiscal year 2019.

14.     Dick's misclassified Plaintiffs and other Assistant Managers as exempt from the overtime requirements of the FLSA, Ohio Wage Laws, New Jersey Wage Law, New York Wage Laws, Pennsylvania Wage Law, Colorado Wage Laws, Oregon Wage Law, Indiana Wage Laws, Connecticut Wage Law, and Massachusetts Wage Laws.

15.     Dick's required Plaintiffs and other Assistant Managers to work more than 40 hours per workweek without paying them any overtime compensation and Plaintiffs and other Assistant Managers did in fact work more than 40 hours per workweek without receiving overtime compensation.

16.     Plaintiffs and other Assistant Managers performed substantially the same duties in all Dick's retail locations nationwide.

17.     Plaintiffs and Assistant Managers spent the majority of their time performing the same duties that non-exempt retail employees performed, including: running the registers, stocking, cleaning, processing shipments, building displays, selling products, unloading trucks and stocking items in their proper department, cutting open boxes, and putting items away. Performing these tasks was the primary duty of the Assistant Manager position.

18.     On December 23, 2019, the parties entered into a tolling agreement to toll the statute of limitations for the claims of Plaintiff Juric, Plaintiff Kanowitz, Plaintiff Sell, and eight other Assistant Managers arising under the FLSA or similar state laws, effective December 23, 2019.  The tolling agreement was subsequently extended by agreement to include Plaintiff Stuhl, Plaintiff Lissabet, and six other Assistant Managers.  The claims of the 18 Assistant Managers were tolled until May 23, 2020, 10 days after Dick's ended the tolling agreement.

## THE PARTIES

### Plaintiffs

#### *Plaintiff Megan Juric*

19.     Plaintiff Juric is an adult individual who is a resident of Garfield Heights, Ohio.

20.     Plaintiff Juric was employed by Defendant as an Assistant Manager-Operations and Assistant Manager-Softlines at various Dick's retail locations in Ohio from approximately November 2014 to April 2019.

21.     While employed by Defendant as an Assistant Manager, Plaintiff Juric regularly worked more than 40 hours per week and often worked between 50 and 60 hours per week for Defendant.

22.     Pursuant to Dick's policy and pattern or practice, Dick's did not pay Plaintiff Juric overtime premium pay when she worked as an Assistant Manager in excess of 40 hours in a workweek.

23.     Pursuant to Dick's policy and pattern or practice, Dick's classified Plaintiff Juric as exempt from overtime protections when she worked as an Assistant Manager for Defendant.

24.     As an Assistant Manager in both Operations and Softlines, Plaintiff Juric typically performed non-exempt duties including running the registers, stocking, cleaning, processing shipments, building displays, selling products, unloading trucks and stocking items in their proper department, cutting open boxes, and putting items away.

25.     Plaintiff Juric is a covered employee within the meaning of the FLSA and the Ohio Wage Laws.

26.     A written consent to join form for Plaintiff Juric was previously filed with the Court.

***Plaintiff Justine Stuhl***

27.    Plaintiff Stuhl is an adult individual who is a resident of Mantua, New Jersey.

28.    Plaintiff Stuhl was employed by Defendant as an Assistant Manager-Softlines at a Dick's retail locations in Cherry Hill, New Jersey from approximately March 2014 to June 2017, and in Deptford, New Jersey from approximately July 2017 to August 2018.

29.    While employed by Defendant as an Assistant Manager, Plaintiff Stuhl regularly worked more than 40 hours per week and often worked between 50 and 60 hours per week for Defendant.

30.    Pursuant to Dick's policy and pattern or practice, Dick's did not pay Plaintiff Stuhl overtime premium pay when she worked as an Assistant Manager in excess of 40 hours in a workweek.

31.    Pursuant to Dick's policy and pattern or practice, Dick's classified Plaintiff Stuhl as exempt from overtime protections when she worked as an Assistant Manager for Defendant.

32.    As an Assistant Manager-Softlines, Plaintiff Stuhl typically performed non-exempt duties including running the registers, stocking, cleaning, processing shipments, building displays, selling products, unloading trucks and stocking items in their proper department, cutting open boxes, and putting items away.

33.    Plaintiff Stuhl is a covered employee within the meaning of the FLSA and the New Jersey Wage Law.

34.    A written consent to join form for Plaintiff Stuhl was previously filed with the Court.

*Plaintiff Aeisha McDavid*

35.     Plaintiff McDavid is an adult individual who is a resident of Mount Vernon, New York.

36.     Plaintiff McDavid was employed by Defendant as an Assistant Manager-Softlines at a Dick's retail location in Yonkers, New York from approximately October 2019 to February 2020.

37.     While employed by Defendant as an Assistant Manager, Plaintiff McDavid regularly worked more than 40 hours per week and often worked between 50 and 60 hours per week for Defendant.

38.     Pursuant to Dick's policy and pattern or practice, Dick's did not pay Plaintiff McDavid overtime premium pay when she worked as an Assistant Manager in excess of 40 hours in a workweek.

39.     Pursuant to Dick's policy and pattern or practice, Dick's classified Plaintiff McDavid as exempt from overtime protections when she worked as an Assistant Manager for Defendant.

40.     As an Assistant Manager-Softlines, Plaintiff McDavid typically performed non-exempt duties including running the registers, stocking, cleaning, processing shipments, building displays, selling products, unloading trucks and stocking items in their proper department, cutting open boxes, and putting items away.

41.     Plaintiff McDavid is a covered employee within the meaning of the FLSA and the New York Wage Laws.

42.     A written consent to join form for Plaintiff McDavid is attached hereto as **Exhibit A**.

***Plaintiff Timothy Dye***

43.     Plaintiff Dye is an adult individual who is a resident of Uniontown, Pennsylvania.

44.     Plaintiff Dye was employed by Defendant as an Assistant Manager at a Dick's retail location in Uniontown, New York from approximately October 2011 to August 2019.

45.     While employed by Defendant as an Assistant Manager, Plaintiff Dye regularly worked more than 40 hours per week and often worked between 50 and 60 hours per week for Defendant.

46.     Pursuant to Dick's policy and pattern or practice, Dick's did not pay Plaintiff Dye overtime premium pay when he worked as an Assistant Manager in excess of 40 hours in a workweek.

47.     Pursuant to Dick's policy and pattern or practice, Dick's classified Plaintiff Dye as exempt from overtime protections when he worked as an Assistant Manager for Defendant.

48.     As an Assistant Manager, Plaintiff Dye typically performed non-exempt duties including running the registers, stocking, cleaning, processing shipments, building displays, selling products, unloading trucks and stocking items in their proper department, cutting open boxes, and putting items away.

49.     Plaintiff Dye is a covered employee within the meaning of the FLSA and the Pennsylvania Wage Law.

50.     A written consent to join form for Plaintiff Dye was previously filed with the Court.

***Plaintiff Ken Kanowitz***

51.     Plaintiff Kanowitz is an adult individual who is a resident of Loveland, Colorado.

52.     Plaintiff Kanowitz was employed by Defendant as an Assistant Manager-Operations and Assistant Manager-Hardlines at a Dick's retail location in Lakewood, Colorado from approximately April 2018 to February 2019.

53.     While employed by Defendant as an Assistant Manager, Plaintiff Kanowitz regularly worked more than 40 hours per week and often worked between 55 and 65 hours per week for Defendant.

54.     Pursuant to Dick's policy and pattern or practice, Dick's did not pay Plaintiff Kanowitz overtime premium pay when he worked as an Assistant Manager in excess of 40 hours in a workweek.

55.     Pursuant to Dick's policy and pattern or practice, Dick's classified Plaintiff Kanowitz as exempt from overtime protections when he worked as an Assistant Manager for Defendant.

56.     As an Assistant Manager, Plaintiff Kanowitz typically performed non-exempt duties including running the registers, stocking, cleaning, processing shipments, building displays, selling products, unloading trucks and stocking items in their proper department, cutting open boxes, and putting items away.

57.     Plaintiff Kanowitz is a covered employee within the meaning of the FLSA and the Colorado Wage Laws.

58.     A written consent to join form for Plaintiff Kanowitz was previously filed with the Court.

***Plaintiff Chad Sell***

59.     Plaintiff Sell is an adult individual who is a resident of Portland, Oregon.

60.     Plaintiff Sell was employed by Defendant as an Assistant Manager-Softlines at a Dick's retail location in Clackamas, Oregon from approximately January 2017 to May 2018, and as an Assistant Manager-Operations at a Dick's retail location in Tigard, Oregon from approximately June 2017 to May 2018.

61.     While employed by Defendant as an Assistant Manager, Plaintiff Sell regularly worked more than 40 hours per week and often worked between 55 and 60 hours per week for Defendant.

62.     Pursuant to Dick's policy and pattern or practice, Dick's did not pay Plaintiff Sell overtime premium pay when he worked as an Assistant Manager in excess of 40 hours in a workweek.

63.     Pursuant to Dick's policy and pattern or practice, Dick's classified Plaintiff Sell as exempt from overtime protections when he worked as an Assistant Manager for Defendant.

64.      As an Assistant Manager-Outdoor and Assistant Manager-Operations, Plaintiff Sell typically performed non-exempt duties including running the registers, stocking, cleaning, processing shipments, building displays, selling products, unloading trucks and stocking items in their proper department, cutting open boxes, and putting items away.

65.     Plaintiff Sell is a covered employee within the meaning of the FLSA and the Oregon Wage Law.

66.     A written consent to join form for Plaintiff Sell was previously filed with the Court.

**_Plaintiff Anthony Albacete_**

67.     Plaintiff Albacete is an adult individual who is a resident of Westfield, Indiana.

68.     Plaintiff Albacete was employed by Defendant as an Assistant Manager-Operations at a Dick's retail location in Carmel, Indiana from approximately July 2017 to October 2018.

69.     While employed by Defendant as an Assistant Manager, Plaintiff Albacete regularly worked more than 40 hours per week and often worked between 55 and 60 hours per week for Defendant.

70.     Pursuant to Dick's policy and pattern or practice, Dick's did not pay Plaintiff Albacete overtime premium pay when he worked as an Assistant Manager in excess of 40 hours in a workweek.

71.     Pursuant to Dick's policy and pattern or practice, Dick's classified Plaintiff Albacete as exempt from overtime protections when he worked as an Assistant Manager for Defendant.

72.     As an Assistant Manager, Plaintiff Albacete typically performed non-exempt duties including running the registers, stocking, cleaning, processing shipments, building displays, selling products, unloading trucks and stocking items in their proper department, cutting open boxes, and putting items away.

73.     Plaintiff Albacete is a covered employee within the meaning of the FLSA and the Indiana Wage Laws.

74.     A written consent to join form for Plaintiff Albacete was previously filed with the Court.

***Plaintiff Alexis Lissabet***

75.     Plaintiff Lissabet is an adult individual who is a resident of Tolland, Connecticut.

76.     Plaintiff Lissabet was employed by Defendant as an Assistant Manager at a Dick's retail location in Manchester, Connecticut from approximately October 2016 to October 2018.

77.     While employed by Defendant as an Assistant Manager, Plaintiff Lissabet regularly worked more than 40 hours per week and often worked between 50 and 55 hours per week for Defendant.

78.     Pursuant to Dick's policy and pattern or practice, Dick's did not pay Plaintiff Lissabet overtime premium pay when she worked as an Assistant Manager in excess of 40 hours in a workweek.

79.     Pursuant to Dick's policy and pattern or practice, Dick's classified Plaintiff Lissabet as exempt from overtime protections when she worked as an Assistant Manager for Defendant.

80.     As an Assistant Manager, Plaintiff Lissabet typically performed non-exempt duties including running the registers, stocking, cleaning, processing shipments, building displays, selling products, unloading trucks and stocking items in their proper department, cutting open boxes, and putting items away.

81.     Plaintiff Lissabet is a covered employee within the meaning of the FLSA and the Connecticut Wage Law.

82.     A written consent to join form for Plaintiff Lissabet was previously filed with the Court.

***Plaintiff Allison Hannon***

83.     Plaintiff Hannon is an adult individual who is a resident of Framingham, Massachusetts.

84.     Plaintiff Hannon was employed by Defendant as an Assistant Manager-Softlines and Assistant Manager-Operations at Dick's retail locations in Dedham, Massachusetts, Medford, Massachusetts, and Natick, Massachusetts from approximately June 2014 to July 2019.

85.     While employed by Defendant as an Assistant Manager, Plaintiff Hannon regularly worked more than 40 hours per week and often worked between 55 to 60 hours per week for Defendant.

86.     Pursuant to Dick's policy and pattern or practice, Dick's did not pay Plaintiff Hannon overtime premium pay when she worked as an Assistant Manager in excess of 40 hours in a workweek.

87.     Pursuant to Dick's policy and pattern or practice, Dick's classified Plaintiff Hannon as exempt from overtime protections when she worked as an Assistant Manager for Defendant.

88.     As an Assistant Manager, Plaintiff Hannon typically performed non-exempt duties including running the registers, stocking, cleaning, processing shipments, building displays, selling products, unloading trucks and stocking items in their proper department, cutting open boxes, and putting items away.

89.     Plaintiff Hannon is a covered employee within the meaning of the FLSA and the Massachusetts Wage Laws.

90.     A written consent to join form for Plaintiff Hannon is attached as **Exhibit B**.

**Defendant**

91.     Dick's principal executive office is located at 345 Court Street, Coraopolis, Pennsylvania 15108.

92.     Dick's is a covered employer within the meaning of the FLSA, Ohio Wage Laws, New Jersey Wage Law, New York Wage Laws, Pennsylvania Wage Law, Colorado Wage Laws,

13

Oregon Wage Law, Indiana Wage Laws, Connecticut Wage Law, and Massachusetts Wage Laws.

93.     At all times relevant, Dick's maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including with respect to the timekeeping, payroll, and other employment practices that applied to them.

94.     Dick's applies the same employment policies, practices, and procedures to all Assistant Managers at all Dick's retail locations, including policies, practices, and procedures with respect to the payment of overtime compensation.

95.     At all times relevant, Dick's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

96.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

97.     Plaintiffs' state law claims are so closely related to Plaintiffs' claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

98.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

99.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

100.     Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391 because Defendant has its principal place of business in the District and a substantial part

of the events or omissions giving rise to the claims occurred in this District.  Defendant is subject

to personal jurisdiction in Pennsylvania.

## COLLECTIVE ACTION ALLEGATIONS

101.    Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C.

§ 216(b), on behalf of themselves and all similarly situated persons who worked as Assistant

Managers at Dick's retail locations nationwide at any time since May 4, 2017 (the "FLSA

Collective") who elect to opt into this action.

102.    Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate

Plaintiffs and the members of the FLSA Collective.

103.    Consistent with Defendant's policy and pattern or practice, Plaintiffs and the

members of the FLSA Collectives were not paid overtime premium compensation when they

worked beyond 40 hours in a workweek.

104.    All of the work that Plaintiffs and the members of the FLSA Collective have

performed has been assigned by Defendant, and/or Defendant has been aware of all of the work

that Plaintiffs and the FLSA Collective have performed.

105.    As part of its regular business practice, Defendant has intentionally, willfully, and

repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to

Plaintiffs and the members of FLSA Collective.  This policy and pattern or practice includes, but is

not limited to:

    (a)    willfully failing to pay Plaintiffs and the members of the FLSA Collective premium overtime wages for hours that they worked in excess of 40 hours per workweek;

    (b)    willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and

(c)     willfully failing to record all of the time that its employees, including Plaintiffs and the members of the FLSA Collective, have worked for the benefit of Defendant.

106.     Defendant is aware or should have been aware that federal law required it to pay Plaintiffs and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

107.     Plaintiffs and the members of the FLSA Collective perform or performed the same primary duties.

108.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

109.     There are many similarly situated current and former Assistant Managers who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

110.     Similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

111.     Notice should be sent to the FLSA Collectives pursuant to 29 U.S.C. § 216(b).

## OHIO CLASS ACTION ALLEGATIONS

112.     Plaintiff Juric brings the Second and Third Causes of Action, the Ohio Wage Laws claims, under Rule 23, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as exempt-classified Assistant Sales Mangers and Assistant Store Managers, however variously titled ("Assistant Managers") at any Dick's retail location in Ohio between May 4, 2018 and the date of final judgment in this matter (the "Ohio Rule 23 Class").

113.     Excluded from the Ohio Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to

whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Ohio Rule 23 Class.

114.    The members of the Ohio Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff Juric, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

115.    Upon information and belief, there are approximately 48 Dick's retail locations in Ohio with several Assistant Managers at each location and therefore the size of the Ohio Rule 23 Class is at least 75 individuals.

116.    Defendant has acted or has refused to act on grounds generally applicable to the Ohio Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Ohio Rule 23 Class as a whole.

117.    Common questions of law and fact exist as to the Ohio Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

      (a)     whether Defendant violated the Ohio Wage Laws;

      (b)     whether Defendant failed to compensate Plaintiff Juric and the Ohio Rule 23 Class for hours worked in excess of 40 hours per workweek;

      (c)     whether Defendant misclassified Plaintiff Juric and the Ohio Rule 23 Class as exempt from the overtime requirements of the Ohio Wage Laws;

      (d)     whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff Juric and the Ohio Rule 23 Class, and other records required by the Ohio Wage Laws;

      (e)     whether Defendant's policy of failing to pay workers overtime was instituted willfully or with reckless disregard of the law; and

       (f)     the nature and extent of class-wide injury and the measure of damages for those injuries.

118.    Plaintiff Juric's claims are typical of the claims of the Ohio Rule 23 Class she seeks to represent.

119.    Plaintiff Juric and the Ohio Rule 23 Class members work, or have worked, for Defendant as Assistant Managers.

120.    Plaintiff Juric and the Ohio Rule 23 Class members enjoy the same statutory rights under the Ohio Wage Laws, including the right to be paid overtime wages for all overtime hours worked.  Plaintiff Juric and the Ohio Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the Ohio Wage Laws. Plaintiff Juric and the Ohio Rule 23 Class members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

121.    Plaintiff Juric will fairly and adequately represent and protect the interests of the members of the Ohio Rule 23 Class.  Plaintiff Juric understands that, as class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff Juric recognizes that, as class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests. Plaintiff Juric understands that, in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class.  Plaintiff Juric recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff Juric understands that, in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

122.    Plaintiff Juric has retained counsel competent and experienced in complex class

actions and employment litigation.  There is no conflict between Plaintiff Juric and the Ohio

Rule 23 Class members.

123.    A class action is superior to other available methods for the fair and efficient

adjudication of this litigation—particularly in the context of wage litigation like the present

action, where an individual plaintiff may lack the financial resources to vigorously prosecute a

lawsuit in federal court against a corporate defendant.  The members of the Ohio Rule 23 Class

have been damaged and are entitled to recovery as a result of Defendant's violations of the Ohio

Wage Laws.  Although the relative damages suffered by individual Ohio Rule 23 Class members

are not *de minimis*, such damages are small compared to the expense and burden of individual

prosecution of this litigation.  The individual plaintiffs lack the financial resources to conduct a

thorough examination of Defendant's timekeeping and compensation practices and to prosecute

vigorously a lawsuit against Defendant to recover such damages.  In addition, class litigation is

superior because it will obviate the need for unduly duplicative litigation that might result in

inconsistent judgments about Defendant's practices.

124.    This action is properly maintainable as a class action Rule 23(b)(3).

## NEW JERSEY CLASS ACTION ALLEGATIONS

125.    Plaintiff Stuhl brings the Fourth Cause of Action, the New Jersey Wage Law

claim, under Rule 23, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as exempt-classified Assistant
> Sales Mangers and Assistant Store Managers, however variously titled
> ("Assistant Managers") at any Dick's retail location in New Jersey
> between May 4, 2014 and the date of final judgment in this matter
> (the "New Jersey Rule 23 Class").

19

126.    Excluded from the New Jersey Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New Jersey Rule 23 Class.

127.    The members of the New Jersey Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff Stuhl, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

128.    Upon information and belief, there are approximately 22 Dick's retail locations in New Jersey with several Assistant Managers at each location and therefore the size of the New Jersey Rule 23 Class is at least 40 individuals.

129.    Defendant has acted or has refused to act on grounds generally applicable to the New Jersey Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New Jersey Rule 23 Class as a whole.

130.    Common questions of law and fact exist as to the New Jersey Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)    whether Defendant violated the New Jersey Wage Law;

(b)    whether Defendant failed to compensate Plaintiff Stuhl and the New Jersey Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)     whether Defendant misclassified Plaintiff Stuhl and the New Jersey Rule 23 Class as exempt from the overtime requirements of the New Jersey Wage Law;

(d)     whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff Stuhl and the New Jersey Rule 23 Class, and other records required by the New Jersey Wage Law;

(e)     whether Defendant's policy of failing to pay workers overtime was instituted willfully or with reckless disregard of the law; and

(f)     the nature and extent of class-wide injury and the measure of damages for those injuries.

131.    The claims of Plaintiff Stuhl are typical of the claims of the New Jersey Rule 23 Class she seeks to represent.

132.    Plaintiff Stuhl and the New Jersey Rule 23 Class members work, or have worked, for Defendant as Assistant Managers.

133.    Plaintiff Stuhl and the New Jersey Rule 23 Class members enjoy the same statutory rights under the New Jersey Wage Law, including the right to be paid overtime wages for all overtime hours worked.  Plaintiff Stuhl and the New Jersey Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the New Jersey Wage Law.  Plaintiff Stuhl and the New Jersey Rule 23 Class members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

134.    Plaintiff Stuhl will fairly and adequately represent and protect the interests of the members of the New Jersey Rule 23 Class.  Plaintiff Stuhl understands that, as class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff Stuhl recognizes that, as class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests.

Plaintiff Stuhl understands that, in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class.  Plaintiff Stuhl recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff Stuhl understands that, in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

135.    Plaintiff Stuhl has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff Stuhl and the New Jersey Rule 23 Class members.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New Jersey Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the New Jersey Wage Law.  Although the relative damages suffered by individual New Jersey Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices. This action is properly maintainable as a class action under Rule 23(b)(3).

## NEW YORK CLASS ALLEGATIONS

136.    Plaintiff McDavid brings the Fifth, Sixth, and Seventh Causes of Action, the New

York Wage Laws claims, under Rule 23, on behalf of herself and a class of persons consisting

of:

> All persons who work or have worked as exempt-classified Assistant
> Sales Mangers and Assistant Store Managers, however variously titled
> ("Assistant Managers") at any Dick's retail location in New York
> between May 4, 2014 and the date of final judgment in this matter
> (the "New York Rule 23 Class").

137.    Excluded from the New York Rule 23 Class are Defendant, Defendant's legal

representatives, officers, directors, assigns, and successors, or any individual who has, or who at

any time during the class period has had, a controlling interest in Defendant; the Judge(s) to

whom this case is assigned and any member of the Judge(s)' immediate family; and all persons

who will submit timely and otherwise proper requests for exclusion from the New York Rule 23

Class.

138.    The members of the New York Rule 23 Class are so numerous that joinder of all

members is impracticable.  Although the precise number of such persons is not known to

Plaintiff McDavid, the facts on which the calculation of that number can be based are presently

within the sole control of Defendant.

139.    Upon information and belief, there are approximately 43 Dick's retail locations in

New York with several Assistant Managers at each location and therefore the size of the New

York Rule 23 Class is at least 40 individuals.

140.    Defendant has acted or has refused to act on grounds generally applicable to the

New York Rule 23 Class, thereby making appropriate final injunctive relief or corresponding

declaratory relief with respect to the New York Rule 23 Class as a whole.

141.    Common questions of law and fact exist as to the New York Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)    whether Defendant violated the New York Wage Laws;

(b)    whether Defendant failed to compensate Plaintiff McDavid and the New York Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)    whether Defendant misclassified Plaintiff McDavid and the New York Rule 23 Class as exempt from the overtime requirements of the New York Wage Laws;

(d)    whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff McDavid and the New York Rule 23 Class, and other records required by the New York Wage Laws;

(e)    whether Defendant failed to comply with the notice and recordkeeping requirements of New York Wage Laws for Plaintiff McDavid and the New York Rule 23 Class;

(f)    whether Defendant's policy of failing to pay workers overtime was instituted willfully or with reckless disregard of the law; and

(g)    the nature and extent of class-wide injury and the measure of damages for those injuries.

142.    The claims of Plaintiff McDavid are typical of the claims of the New York Rule 23 Class she seeks to represent.

143.    Plaintiff McDavid and the New York Rule 23 Class members work, or have worked, for Defendant as Assistant Managers.

144.    Plaintiff McDavid and the New York Rule 23 Class members enjoy the same statutory rights under the New York Wage Laws, including the right to be paid overtime wages for all overtime hours worked.  Plaintiff McDavid and the New York Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the New York Wage Laws.  Plaintiff McDavid and the New York Rule 23 Class members have all

been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

145.    Plaintiff McDavid will fairly and adequately represent and protect the interests of the members of the New York Rule 23 Class.  Plaintiff McDavid understands that, as class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff McDavid recognizes that, as class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests.  Plaintiff McDavid understands that, in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class. Plaintiff McDavid recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff McDavid understands that, in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

146.    Plaintiff McDavid has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff McDavid and the New York Rule 23 Class members.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New York Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the New York Wage Laws.  Although the relative damages suffered by individual New York Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual

plaintiffs lack the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices. This action is properly maintainable as a class action under Rule 23(b)(3).

## PENNSYLVANIA CLASS ALLEGATIONS

147.    Plaintiff Dye brings the Eighth Cause of Action, the Pennsylvania Wage Law claim, under Rule 23, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as exempt-classified Assistant Sales Mangers and Assistant Store Managers, however variously titled ("Assistant Managers") at any Dick's retail location in Pennsylvania between May 4, 2017 and the date of final judgment in this matter (the "Pennsylvania Rule 23 Class").

148.    Excluded from the Pennsylvania Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Pennsylvania Rule 23 Class.

149.    The members of the Pennsylvania Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff Dye, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

150.     Upon information and belief, there are approximately 40 Dick's retail locations in Pennsylvania with several Assistant Managers at each location and therefore the size of the Pennsylvania Rule 23 Class is at least 40 individuals.

151.     Defendant has acted or has refused to act on grounds generally applicable to the Pennsylvania Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Pennsylvania Rule 23 Class as a whole.

152.     Common questions of law and fact exist as to the Pennsylvania Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendant violated the Pennsylvania Wage Law;

(b)     whether Defendant failed to compensate Plaintiff Dye and the Pennsylvania Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)     whether Defendant misclassified Plaintiff Dye and the Pennsylvania Rule 23 Class as exempt from the overtime requirements of the Pennsylvania Wage Law;

(d)     whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff Dye and the Pennsylvania Rule 23 Class, and other records required by the Pennsylvania Wage Law;

(e)     whether Defendant's policy of failing to pay workers overtime was instituted willfully or with reckless disregard of the law; and

(f)     the nature and extent of class-wide injury and the measure of damages for those injuries.

153.     The claims of Plaintiff Dye are typical of the claims of the Pennsylvania Rule 23 Class he seeks to represent.

154.     Plaintiff Dye and the Pennsylvania Rule 23 Class members work, or have worked, for Defendant as Assistant Managers.

155.    Plaintiff Dye and the Pennsylvania Rule 23 Class members enjoy the same statutory rights under the Pennsylvania Wage Law, including the right to be paid overtime wages for all overtime hours worked.  Plaintiff Dye and the Pennsylvania Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the Pennsylvania Wage Law.  Plaintiff Dye and the Pennsylvania Rule 23 Class members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

156.    Plaintiff Dye will fairly and adequately represent and protect the interests of the members of the Pennsylvania Rule 23 Class.  Plaintiff Dye understands that, as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff Dye recognizes that, as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests. Plaintiff Dye understands that, in decisions regarding the conduct of the litigation and its possible settlement, she must not favor his own interests over the class.  Plaintiff Dye recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff Dye understands that, in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

157.    Plaintiff Dye has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff Dye and the Pennsylvania Rule 23 Class members.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to

28

vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of

the Pennsylvania Rule 23 Class have been damaged and are entitled to recovery as a result of

Defendant's violations of the Pennsylvania Wage Law.  Although the relative damages suffered

by individual Pennsylvania Rule 23 Class members are not *de minimis*, such damages are small

compared to the expense and burden of individual prosecution of this litigation.  The individual

plaintiffs lack the financial resources to conduct a thorough examination of Defendant's

timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant

to recover such damages.  In addition, class litigation is superior because it will obviate the need

for unduly duplicative litigation that might result in inconsistent judgments about Defendant's

practices. This action is properly maintainable as a class action under Rule 23(b)(3).

## COLORADO CLASS ALLEGATIONS

158.    Plaintiff Kanowitz brings the Ninth and Tenth Causes of Action, the Colorado

Wage Laws claims, under Rule 23, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as exempt-classified Assistant
> Sales Mangers and Assistant Store Managers, however variously titled
> ("Assistant Managers") at any Dick's retail location in Colorado
> between May 4, 2017 and the date of final judgment in this matter
> (the "Colorado Rule 23 Class").

159.    Excluded from the Colorado Rule 23 Class are Defendant, Defendant's legal

representatives, officers, directors, assigns, and successors, or any individual who has, or who at

any time during the class period has had, a controlling interest in Defendant; the Judge(s) to

whom this case is assigned and any member of the Judge(s)' immediate family; and all persons

who will submit timely and otherwise proper requests for exclusion from the Colorado Rule 23

Class.

160.    The members of the Colorado Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff Kanowitz, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

161.    Upon information and belief, there are approximately 15 Dick's retail locations in Colorado with several Assistant Managers at each location and therefore the size of the Colorado Rule 23 Class is at least 40 individuals.

162.    Defendant has acted or has refused to act on grounds generally applicable to the Colorado Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Colorado Rule 23 Class as a whole.

163.    Common questions of law and fact exist as to the Colorado Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)    whether Defendant violated the Colorado Wage Laws;

(b)    whether Defendant failed to compensate Plaintiff Kanowitz and the Colorado Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)    whether Defendant misclassified Plaintiff Kanowitz and the Colorado Rule 23 Class as exempt from the overtime requirements of the Colorado Wage Laws;

(d)    whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff Kanowitz and the Colorado Rule 23 Class, and other records required by the Colorado Wage Laws;

(e)    whether Defendant's policy of failing to pay workers overtime was instituted willfully or with reckless disregard of the law; and

(f)    the nature and extent of class-wide injury and the measure of damages for those injuries.

164.    The claims of Plaintiff Kanowitz are typical of the claims of the Colorado Rule 23 Class he seeks to represent.

165.    Plaintiff Kanowitz and the Colorado Rule 23 Class members work, or have worked, for Defendant as Assistant Managers.

166.    Plaintiff Kanowitz and the Colorado Rule 23 Class members enjoy the same statutory rights under the Colorado Wage Laws, including the right to be paid overtime wages for all overtime hours worked.  Plaintiff Kanowitz and the Colorado Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the Colorado Wage Laws.  Plaintiff Kanowitz and the Colorado Rule 23 Class members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

167.    Plaintiff Kanowitz will fairly and adequately represent and protect the interests of the members of the Colorado Rule 23 Class.  Plaintiff Kanowitz understands that, as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff Kanowitz recognizes that, as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests.  Plaintiff Kanowitz understands that, in decisions regarding the conduct of the litigation and its possible settlement, she must not favor his own interests over the class.  Plaintiff Kanowitz recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff Kanowitz understands that, in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

168.     Plaintiff Kanowitz has retained counsel competent and experienced in complex

class actions and employment litigation.  There is no conflict between Plaintiff Kanowitz and

the Colorado Rule 23 Class members.  A class action is superior to other available methods for

the fair and efficient adjudication of this litigation—particularly in the context of wage litigation

like the present action, where an individual plaintiff may lack the financial resources to

vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of

the Colorado Rule 23 Class have been damaged and are entitled to recovery as a result of

Defendant's violations of the Colorado Wage Laws.  Although the relative damages suffered by

individual Colorado Rule 23 Class members are not *de minimis*, such damages are small

compared to the expense and burden of individual prosecution of this litigation.  The individual

plaintiffs lack the financial resources to conduct a thorough examination of Defendant's

timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant

to recover such damages.  In addition, class litigation is superior because it will obviate the need

for unduly duplicative litigation that might result in inconsistent judgments about Defendant's

practices. This action is properly maintainable as a class action under Rule 23(b)(3).

## OREGON CLASS ALLEGATIONS

169.     Plaintiff Sell brings the Eleventh Cause of Action, the Oregon Wage Law claim,

under Rule 23, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as exempt-classified Assistant
> Sales Mangers and Assistant Store Managers, however variously titled
> ("Assistant Managers") at any Dick's retail location in Oregon
> between May 4, 2018 and the date of final judgment in this matter
> (the "Oregon Rule 23 Class").

170.     Excluded from the Oregon Rule 23 Class are Defendant, Defendant's legal

representatives, officers, directors, assigns, and successors, or any individual who has, or who at

32

any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Oregon Rule 23 Class.

171.    The members of the Oregon Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff Sell, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

172.    Upon information and belief, there are approximately 10 Dick's retail locations in Oregon with several Assistant Managers at each location and therefore the size of the Oregon Rule 23 Class is at least 40 individuals.

173.    Defendant has acted or has refused to act on grounds generally applicable to the Oregon Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Oregon Rule 23 Class as a whole.

174.    Common questions of law and fact exist as to the Oregon Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)    whether Defendant violated the Oregon Wage Law;

(b)    whether Defendant failed to compensate Plaintiff Sell and the Oregon Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)    whether Defendant misclassified Plaintiff Sell and the Oregon Rule 23 Class as exempt from the overtime requirements of the Oregon Wage Law;

(d)    whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff Sell and the Oregon Rule 23 Class, and other records required by the Oregon Wage Law;

33

(e)     whether Defendant's policy of failing to pay workers overtime was instituted willfully or with reckless disregard of the law; and

(f)     the nature and extent of class-wide injury and the measure of damages for those injuries.

175.    The claims of Plaintiff Sell are typical of the claims of the Oregon Rule 23 Class he seeks to represent.

176.    Plaintiff Sell and the Oregon Rule 23 Class members work, or have worked, for Defendant as Assistant Managers.

177.    Plaintiff Sell and the Oregon Rule 23 Class members enjoy the same statutory rights under the Oregon Wage Law, including the right to be paid overtime wages for all overtime hours worked.  Plaintiff Sell and the Oregon Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the Oregon Wage Law.  Plaintiff Sell and the Oregon Rule 23 Class members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

178.    Plaintiff Sell will fairly and adequately represent and protect the interests of the members of the Oregon Rule 23 Class.  Plaintiff Sell understands that, as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff Sell recognizes that, as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests.  Plaintiff Sell understands that, in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class.  Plaintiff Sell recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff Sell understands

that, in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

179.     Plaintiff Sell has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff Sell and the Oregon Rule 23 Class members.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Oregon Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the Oregon Wage Law.  Although the relative damages suffered by individual Oregon Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices. This action is properly maintainable as a class action under Rule 23(b)(3).

## INDIANA CLASS ALLEGATIONS

180.     Plaintiff Albacete brings the Twelfth Cause of Action, the Indiana Wage Laws claim, under Rule 23, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as exempt-classified Assistant Sales Mangers and Assistant Store Managers, however variously titled ("Assistant Managers") at any Dick's retail location in Indiana between May 4, 2017 and the date of final judgment in this matter (the "Indiana Rule 23 Class").

181.     Excluded from the Indiana Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Indiana Rule 23 Class.

182.     The members of the Indiana Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff Albacete, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

183.     Upon information and belief, there are approximately 19 Dick's retail locations in Indiana with several Assistant Managers at each location and therefore the size of the Indiana Rule 23 Class is at least 40 individuals.

184.     Defendant has acted or has refused to act on grounds generally applicable to the Indiana Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Indiana Rule 23 Class as a whole.

185.     Common questions of law and fact exist as to the Indiana Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

      (a)     whether Defendant violated the Indiana Wage Laws;

      (b)     whether Defendant failed to compensate Plaintiff Albacete and the Indiana Rule 23 Class for hours worked in excess of 40 hours per workweek;

      (c)     whether Defendant misclassified Plaintiff Albacete and the Indiana Rule 23 Class as exempt from the overtime requirements of the Indiana Wage Laws;

(d)     whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff Albacete and the Indiana Rule 23 Class, and other records required by the Indiana Wage Laws;

(e)     whether Defendant's policy of failing to pay workers overtime was instituted willfully or with reckless disregard of the law; and

(f)     the nature and extent of class-wide injury and the measure of damages for those injuries.

186.     The claims of Plaintiff Albacete are typical of the claims of the Indiana Rule 23 Class he seeks to represent.

187.     Plaintiff Albacete and the Indiana Rule 23 Class members work, or have worked, for Defendant as Assistant Managers.

188.     Plaintiff Albacete and the Indiana Rule 23 Class members enjoy the same statutory rights under the Indiana Wage Laws, including the right to be paid overtime wages for all overtime hours worked.  Plaintiff Albacete and the Indiana Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the Indiana Wage Laws.  Plaintiff Albacete and the Indiana Rule 23 Class members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

189.     Plaintiff Albacete will fairly and adequately represent and protect the interests of the members of the Indiana Rule 23 Class.  Plaintiff Albacete understands that, as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff Albacete recognizes that, as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests.  Plaintiff Albacete understands that, in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class.  Plaintiff Albacete

recognizes that any resolution of a class action must be in the best interest of the class.

Plaintiff Albacete understands that, in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

190.    Plaintiff Albacete has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff Albacete and the Indiana Rule 23 Class members.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Indiana Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the Indiana Wage Laws.  Although the relative damages suffered by individual Indiana Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices. This action is properly maintainable as a class action under Rule 23(b)(3).

## CONNECTICUT CLASS ALLEGATIONS

191.    Plaintiff Lissabet brings the Thirteenth Cause of Action, the Connecticut Wage Law claim, under Rule 23, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as exempt-classified Assistant
> Sales Mangers and Assistant Store Managers, however variously titled

("Assistant Managers") at any Dick's retail location in Connecticut between May 4, 2017 and the date of final judgment in this matter (the "Connecticut Rule 23 Class").

192.    Excluded from the Connecticut Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Connecticut Rule 23 Class.

193.    The members of the Connecticut Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff Lissabet, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

194.    Upon information and belief, there are approximately 12 Dick's retail locations in Connecticut with several Assistant Managers at each location and therefore the size of the Connecticut Rule 23 Class is at least 40 individuals.

195.    Defendant has acted or has refused to act on grounds generally applicable to the Connecticut Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Connecticut Rule 23 Class as a whole.

196.    Common questions of law and fact exist as to the Connecticut Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)    whether Defendant violated the Connecticut Wage Law;

(b)     whether Defendant failed to compensate Plaintiff Lissabet and the Connecticut Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)     whether Defendant misclassified Plaintiff Lissabet and the Connecticut Rule 23 Class as exempt from the overtime requirements of the Connecticut Wage Law;

(d)     whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff Lissabet and the Connecticut Rule 23 Class, and other records required by the Connecticut Wage Law;

(e)     whether Defendant's policy of failing to pay workers overtime was instituted willfully or with reckless disregard of the law; and

(f)     the nature and extent of class-wide injury and the measure of damages for those injuries.

197.    The claims of Plaintiff Lissabet are typical of the claims of the Connecticut Rule 23 Class she seeks to represent.

198.    Plaintiff Lissabet and the Connecticut Rule 23 Class members work, or have worked, for Defendant as Assistant Managers.

199.    Plaintiff Lissabet and the Connecticut Rule 23 Class members enjoy the same statutory rights under the Connecticut Wage Law, including the right to be paid overtime wages for all overtime hours worked.  Plaintiff Lissabet and the Connecticut Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the Connecticut Wage Law.  Plaintiff Lissabet and the Connecticut Rule 23 Class members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

200.    Plaintiff Lissabet will fairly and adequately represent and protect the interests of the members of the Connecticut Rule 23 Class.  Plaintiff Lissabet understands that, as class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly

and adequately.  Plaintiff Lissabet recognizes that, as class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests.  Plaintiff Lissabet understands that, in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class.  Plaintiff Lissabet recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff Lissabet understands that, in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

201.    Plaintiff Lissabet has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff Lissabet and the Connecticut Rule 23 Class members.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Connecticut Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the Connecticut Wage Law.  Although the relative damages suffered by individual Connecticut Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices. This action is properly maintainable as a class action under Rule 23(b)(3).

## MASSACHUSETTS CLASS ALLEGATIONS

202.    Plaintiff Hannon brings the Fourteenth and Fifteenth Causes of Action, the Massachusetts Wage Laws claims, under Rule 23, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as exempt-classified Assistant Sales Mangers and Assistant Store Managers, however variously titled ("Assistant Managers") at any Dick's retail location in Massachusetts between May 4, 2017 and the date of final judgment in this matter (the "Massachusetts Rule 23 Class").

203.    Excluded from the Massachusetts Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Massachusetts Rule 23 Class.

204.    The members of the Massachusetts Rule 23 Class are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is not known to Plaintiff Hannon, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

205.    Upon information and belief, there are approximately 19 Dick's retail locations in Massachusetts with several Assistant Managers at each location and therefore the size of the Massachusetts Rule 23 Class is at least 40 individuals.

206.    Defendant has acted or has refused to act on grounds generally applicable to the Massachusetts Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Massachusetts Rule 23 Class as a whole.

207.     Common questions of law and fact exist as to the Massachusetts Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   (a)     whether Defendant violated the Massachusetts Wage Laws;

   (b)     whether Defendant failed to compensate Plaintiff Hannon and the Massachusetts Rule 23 Class for hours worked in excess of 40 hours per workweek;

   (c)     whether Defendant misclassified Plaintiff Hannon and the Massachusetts Rule 23 Class as exempt from the overtime requirements of the Massachusetts Wage Laws;

   (d)     whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff Hannon and the Massachusetts Rule 23 Class, and other records required by the Massachusetts Wage Laws;

   (e)     whether Defendant failed to comply with the wage payment provisions of the Massachusetts Wage Laws with respect to Plaintiff Hannon and the Massachusetts Rule 23 Class;

   (f)     whether Defendant's policy of failing to pay workers overtime was instituted willfully or with reckless disregard of the law; and

   (g)     the nature and extent of class-wide injury and the measure of damages for those injuries.

208.     The claims of Plaintiff Hannon are typical of the claims of the Massachusetts Rule 23 Class she seeks to represent.

209.     Plaintiff Hannon and the Massachusetts Rule 23 Class members work, or have worked, for Defendant as Assistant Managers.

210.     Plaintiff Hannon and the Massachusetts Rule 23 Class members enjoy the same statutory rights under the Massachusetts Wage Laws, including the right to be paid overtime wages for all overtime hours worked.  Plaintiff Hannon and the Massachusetts Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply

43

with the Massachusetts Wage Laws.  Plaintiff Hannon and the Massachusetts Rule 23 Class members have all been injured in that they have been under-compensated due to Defendant's common policies, practices, and patterns of conduct.

211.    Plaintiff Hannon will fairly and adequately represent and protect the interests of the members of the Massachusetts Rule 23 Class.  Plaintiff Hannon understands that, as class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff Hannon recognizes that, as class representative, she must represent and consider the interests of the class just as he would represent and consider his own interests. Plaintiff Hannon understands that, in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class.  Plaintiff Hannon recognizes that any resolution of a class action must be in the best interest of the class. Plaintiff Hannon understands that, in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.

212.    Plaintiff Hannon has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff Hannon and the Massachusetts Rule 23 Class members.  A class action is superior to other available methods for the fair and efficient adjudication of this litigation—particularly in the context of wage litigation like the present action, where an individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the Massachusetts Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the Massachusetts Wage Laws.  Although the relative damages suffered by individual Massachusetts Rule 23 Class members are not *de minimis*, such damages

are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiffs lack the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices. This action is properly maintainable as a class action under Rule 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

213.    Throughout their employment with Defendant, Plaintiffs and the members of the FLSA Collective and the Ohio, New Jersey, New York, Pennsylvania, Colorado, Oregon, Indiana, Connecticut, and Massachusetts Rule 23 Classes (collectively, "Class Members") regularly worked more than 40 hours per week.

214.    Plaintiffs' and the Class Members' primary job duties are common throughout Dick's retail locations nationwide.

215.    Defendant was aware that Plaintiffs and the Class Members worked more than 40 hours per workweek, yet Defendant failed to pay overtime compensation for hours worked over 40 in a workweek.

216.    Defendant did not keep accurate records of hours worked by Plaintiffs or the Class Members.

217.    Plaintiffs' and the Class Members' primary duties were routine, non-exempt tasks including, but not limited to:  running the registers, stocking, cleaning, processing shipments, building displays, selling products, covering cashier's breaks, helping with trucks by unloading and putting the items in their proper department, cutting open boxes, and putting items away.

218.    Plaintiffs and the Class Members spent the majority of their time as Assistant Managers performing these duties that were the same as or similar to tasks performed by hourly, non-exempt employees.

219.    Plaintiffs' and the Class Members' primary duties as Assistant Managers did not differ substantially from the duties of hourly, non-exempt employees.

220.    Plaintiffs' and the Class Members' primary job duties as Assistant Managers did not include:

> (a)    hiring;
>
> (b)    firing;
>
> (c)    making recommendations for hiring, firing, or other employment decisions;
>
> (d)    scheduling; or
>
> (e)    disciplining other employees.

221.    Plaintiffs' and the Class Members' primary job duties as Assistant Managers were not directly related to Defendant's management or general business operations.

222.    Plaintiffs' and the Class Members' primary job duties as Assistant Managers did not include the exercise of discretion or independent judgment regarding matters of significance.

223.    Plaintiffs and the Class Members, as Assistant Managers, were not involved in planning Defendant's long- or short-term business objectives.

224.    Plaintiffs and the Class Members, as Assistant Managers, did not formulate, affect, implement or interpret Defendant's management policies or operating practices.

225.    Plaintiffs and the Class Members, as Assistant Managers, did not carry out major assignments that affected Defendant's business operations.

226.    Plaintiffs and the Class Members, as Assistant Managers, did not have authority to commit Defendant in matters that had significant financial impact.

227.    Plaintiffs and the Class Members, as Assistant Managers, could not waive or deviate from Defendant's established policies or procedures without prior approval.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Unpaid Overtime**
**(Brought on Behalf of Plaintiffs and the FLSA Collective)**

228.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

229.    Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Amended Class and Collective Action Complaint.

230.    At all relevant times, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

231.    At all relevant times, Defendant employed Plaintiffs and the FLSA Collective.

232.    The overtime wage provisions set forth in the FLSA apply to Defendant.

233.    At all relevant times, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

234.    At all times relevant, Plaintiffs and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

235.    Defendant has failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

236.    Defendant's violations of the FLSA, as described in this Amended Class and Collective Action Complaint, have been willful and intentional.

237.    Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

238.    As a result of the unlawful acts of Defendant, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, other compensation pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
**Ohio Minimum Fair Wage Standards Act – Unpaid Overtime and Recordkeeping**
**(Brought on Behalf of Plaintiff Juric and the Ohio Rule 23 Class)**

239.    Plaintiff Juric re-alleges and incorporates by reference all allegations in all preceding paragraphs.

240.    Defendant engaged in a widespread pattern, policy, and practice of violating the OMFWSA, as detailed in this Amended Class and Collective Action Complaint.

241.    At all relevant times, Defendant has been an employer within the meaning of OMFWSA.  Ohio Rev. Code Ann. § 4111.14(b).

242.    At all times relevant, Plaintiff Juric and the members of the Ohio Rule 23 Class have been employees of Defendant within the meaning of the OMFWSA.  Ohio Rev. Code Ann. § 4111.14(b).

243.    Plaintiff Juric and the Ohio Rule 23 Class are covered by the OMFWSA.

244.     In violation of the OMFWSA, Ohio Rev. Code Ann. § 4111.03(A), Defendant

failed to pay Plaintiff Juric and the members of the Ohio Rule 23 Class overtime at a wage rate

of one and one-half times their regular rates of pay.

245.     In violation of the OMFWSA, Ohio Rev. Code Ann. §§ 4111.08, 4111.14(F),

Defendant failed to make and keep accurate records of time worked by Plaintiff Juric and the

members of the Ohio Rule 23 Class.

246.     Defendant's violations of the OMFWSA, as described in this Amended Class and

Collective Action Complaint, have been willful and intentional.

247.     As a direct and proximate result of Dick's unlawful conduct, as set forth herein,

Plaintiff Juric and the Ohio Rule 23 Class have sustained damages, including loss of earnings for

hours of overtime worked on behalf of Dick's in an amount to be established at trial, liquidated

damages of twice the amount of unpaid wages, and reasonable attorneys' fees and costs of the

action, pursuant to the OMFWSA, Ohio Rev. Code §§ 4111.10, 4111.14(J), and such other legal

and equitable relief as the Court deems just and proper.

### THIRD CAUSE OF ACTION
**Ohio Prompt Pay Act – Failure to Promptly Pay Overtime**
**(Brought on Behalf of Plaintiff Juric and the Ohio Rule 23 Class)**

248.     Plaintiff Juric re-alleges and incorporates by reference all allegations in all

preceding paragraphs.

249.     Defendant engaged in a widespread pattern, policy, and practice of violating the

OPPA, as detailed in this Amended Class and Collective Action Complaint.

250.     At all relevant times, Defendant has been an employer within the meaning of

OPPA.  Ohio Rev. Code Ann. § 4111.14(b).

251.     At all times relevant, Plaintiff Juric and the members of the Ohio Rule 23 Class have been employees of Defendant within the meaning of the OPPA.

252.     Plaintiff Juric and the Ohio Rule 23 Class are covered by the OPPA.

253.     In violation of the OPPA, Ohio Rev. Code Ann. § 4113.15, Defendant failed to promptly pay all wages earned to Plaintiff Juric and the Ohio Rule 23 Class within 30 days of their regularly scheduled payday.

254.     As a direct and proximate result of Dick's unlawful conduct, as set forth herein, Plaintiff Juric and the Ohio Rule 23 Class have sustained damages, including damages "in an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater," liquidated damages, and reasonable attorneys' fees and costs, pursuant to the OPPA, Ohio Rev. Code Ann. § 4113.15, and such other legal and equitable relief as the Court deems just and proper.

### FOURTH CAUSE OF ACTION
**New Jersey Wage and Hour Law – Unpaid Overtime and Recordkeeping**
**(Brought on Behalf of Plaintiff Stuhl and the New Jersey Rule 23 Class)**

255.     Plaintiff Stuhl re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

256.     Defendant engaged in a widespread pattern, policy, and practice of violating the New Jersey Wage Law, as detailed in this Amended Class and Collective Action Complaint.

257.     At all times relevant, Defendant has been an employer within the meaning of the New Jersey Wage Law.  *See* N.J. Stat. Ann. § 34:11-56a1(g).

258.     At all times relevant, Plaintiff Stuhl and the members of the New Jersey Rule 23 Class have been employees of Defendant within the meaning of the New Jersey Wage Law. *See* N.J. Stat. Ann. § 34:11-56a1(h).

259.     Plaintiff Stuhl and the New Jersey Rule 23 Class are covered by the New Jersey Wage Law.

260.     In violation of the New Jersey Wage Law, N.J. Stat. Ann. § 34:11-56a4(b)(1), Defendant failed to pay Plaintiff Stuhl and the members of the New Jersey Rule 23 Class overtime at a wage rate of one and one-half times their regular rates of pay.

261.     In violation of the New Jersey Wage Law, N.J. Stat. Ann. § 34:11-56a20, Defendant failed to make and keep accurate records of time worked by Plaintiff Stuhl and the members of the New Jersey Rule 23 Class.

262.     Defendant's violations of the New Jersey Wage Law, as described in this Amended Class and Collective Action Complaint, have been willful and intentional.

263.     As a direct and proximate result of Dick's unlawful conduct, as set forth herein, Plaintiff Stuhl and the New Jersey Rule 23 Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Dick's in an amount to be established at trial, liquidated damages "equal to not more than 200 percent" of unpaid wages, and reasonable attorneys' fees and costs of the action, pursuant to the New Jersey Wage Law, N.J. Stat. Ann. § 34:11-56a25, and such other legal and equitable relief as the Court deems just and proper.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime
### (Brought on Behalf of Plaintiff McDavid and the New York Rule 23 Class)

264.     Plaintiff McDavid re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

265.     The foregoing conduct, as alleged, violates the New York Wage Laws.

266.     At all relevant times, Defendant has been an "employer" within the meaning of the New York Wage Laws.  *See* N.Y. Lab. Law §§ 190, 651.

267.     At all relevant times, Plaintiff McDavid and the members of the New York Rule 23 Class have been employees of Defendant within the meaning of the within the meaning of the New York Wage Laws.  *See* N.Y. Lab. Law §§ 190, 651.

268.     The New York Wage Laws require an employer, such as Dick's, to pay overtime compensation to all non-exempt employees.  Plaintiff McDavid and all members of the New York Rule 23 Class are not exempt from overtime pay requirements under the New York Wage Laws.

269.     At all relevant times, Dick's had a policy and practice of failing and refusing to pay overtime pay to the Plaintiff McDavid and members of the New York Rule 23 Class for their hours worked in excess of forty hours per workweek.

270.     By failing to pay wages earned and due to Plaintiff McDavid and members of the New York Rule 23 Class for their hours worked in excess of forty hours per workweek, Dick's has violated New York Wage Laws, N.Y. Lab. Law §§ 190 to 199-a, 650-655; N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.  These violations were willful within the meaning of the New York Wage Laws.  *See* N.Y. Lab. Law §§ 198, 663.

271.     As a direct and proximate result of Dick's unlawful conduct, as set forth herein, Plaintiff McDavid and the New York Rule 23 Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Dick's in an amount to be established at trial, and reasonable attorneys' fees and costs of the action pursuant to the New York Wage Laws, N.Y. Lab. Law §§ 198, 663, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Wage Notices
### (Brought on Behalf of Plaintiff McDavid and the New York Rule 23 Class)

272.    Plaintiff McDavid re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

273.    Dick's has willfully failed to supply the Plaintiff McDavid and the members of the New York Rule 23 Class with lawful wage notices at the time of their hire, as required by the New York Wage Laws, N.Y. Lab. Law § 195(1), in English or in the language identified as their primary language, containing their hourly rate or rates of pay and overtime rate of rates of pay, if applicable.

274.    Through its knowing or intentional failure to provide the Plaintiff McDavid and the New York Rule 23 Class Members with the wage notices required by the New York Wage Laws, Dick's has willfully violated the New York Wage Laws.

275.    Due to the Dick's willful violations of New York Wage Laws, N.Y. Lab. Law § 195(1), Plaintiff McDavid and New York Rule 23 Class Members are entitled to statutory penalties of $50 for each workday that Dick's failed to provide them with wage notices, or up to a total of $5,000, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the New York Wage Laws, N.Y. Lab. Law § 198(1-b).

## SEVENTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on Behalf of Plaintiff McDavid and the New York Rule 23 Class)

276.    Plaintiff McDavid re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

277.    Dick's has willfully failed to supply Plaintiff McDavid and New York Rule 23 Class with accurate statements of wages as required by the New York Wage Laws, N.Y. Lab.

Law § 195(3).

278.    Through their knowing or intentional failure to provide Plaintiff McDavid and New York Rule 23 Class with the accurate wage statements required by the New York Wage Laws, Dick's has willfully violated New York Wage Laws.

279.    Due to Dick's willful violations of New York Wage Laws, N.Y. Lab. Law § 195(3), after 2015, Plaintiff McDavid and New York Rule 23 Class are entitled to statutory penalties of $250 for each workweek that Dick's failed to provide them with accurate wage statements, or a total of up to $5,000, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the New York Wage Laws, N.Y. Lab. Law § 198(1-d).

**EIGHTH CAUSE OF ACTION**
**Pennsylvania Minimum Wage Act – Unpaid Overtime**
**(Brought on Behalf of Plaintiff Dye and the Pennsylvania Rule 23 Class)**

280.    Plaintiff Dye re-alleges and incorporates by reference all allegations in all preceding paragraphs.

281.    Defendant engaged in a widespread pattern, policy, and practice of violating the Pennsylvania Wage Law, as detailed in this Amended Class and Collective Action Complaint.

282.    At all relevant times, Defendant has been an employer within the meaning of Pennsylvania Wage Law.

283.    At all times relevant, Plaintiff Dye and the members of the Pennsylvania Rule 23 Class have been employees of Defendant within the meaning of the Pennsylvania Wage Law.

284.    Plaintiff Dye and the Pennsylvania Rule 23 Class are covered by the Pennsylvania Wage Law.

285.    In willful violation of the Pennsylvania Wage Law, Defendant failed to promptly pay all wages, including all overtime wages for all overtime hours worked, earned to Plaintiff

Dye and the Pennsylvania Rule 23 Class.

286.     As a direct and proximate result of Dick's unlawful conduct, as set forth herein, Plaintiff Dye and the Pennsylvania Rule 23 Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Dick's in an amount to be established at trial, reasonable attorneys' fees and costs of this action, liquidated and other damages as provided by the Pennsylvania Wage Law, prejudgment and post-judgment interest, injunctive and declaratory relief, and such other legal and equitable relief as the Court deems just and proper.

### NINTH CAUSE OF ACTION
**Colorado Wage Claim Act – Unpaid Wages**
**(Brought on Behalf of Plaintiff Kanowitz and the Colorado Rule 23 Class)**

287.     Plaintiff Kanowitz re-alleges and incorporates by reference all allegations in all preceding paragraphs.

288.     At all relevant times, Dick's has been an "employer" within the meaning of the Colorado Wage Claim Act.

289.     At all relevant times, Plaintiff Kanowitz and the members of the Colorado Rule 23 Class have been employees of Defendant within the meaning of the Colorado Wage Claim Act, Colo. Rev. Stat. §8-4-101, *et seq.*

290.     Plaintiff Kanowitz and the Colorado Rule 23 Class are covered by the Colorado Wage Claim Act.

291.     As a result of the foregoing conduct, as alleged, Dick's has failed to pay wages due thereby violating, and continuing to violate, the Colorado Wage Claim Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

292.     As a direct and proximate result of Dick's unlawful conduct, as set forth herein, Plaintiff Kanowitz and the Colorado Rule 23 Class members have sustained damages, including

unpaid wages, unpaid overtime compensation, reasonable attorneys' fees and costs of this action, and such other legal and equitable relief as the Court deems just and proper.

## TENTH CLAIM FOR RELIEF
### Colorado Minimum Wage Act – Unpaid Wages
### (Brought on Behalf of Plaintiff Kanowitz and the Colorado Rule 23 Class)

293.    Plaintiff Kanowitz re-alleges and incorporates by reference all allegations in all preceding paragraphs.

294.    At all relevant times, Dick's has been an "employer" within the meaning of the Colorado Minimum Wage Act.

295.    At all relevant times, Plaintiff Kanowitz and the members of the Colorado Rule 23 Class have been employees of Defendant within the meaning of the Colorado Minimum Wage Act.

296.    Plaintiff Kanowitz and the Colorado Rule 23 Class are covered by the Colorado Minimum Wage Act.

297.    As a result of the foregoing conduct, as alleged, Dick's has violated, and continues to violate, the Colorado Minimum Wage Act.  These violations were committed knowingly, willfully and with reckless disregard of applicable law.

298.    As a direct and proximate result of Dick's unlawful conduct, as set forth herein, Plaintiff Kanowitz and Colorado Rule 23 Class have sustained damages in an amount to be established at trial.

## ELEVENTH CAUSE OF ACTION
### Oregon Wage Law – Unpaid Overtime and Recordkeeping
### (Brought on Behalf of Plaintiff Sell and the Oregon Rule 23 Class)

299.    Plaintiff Sell re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

300.     Defendant engaged in a widespread pattern, policy, and practice of violating the Oregon Wage Law, as detailed in this Amended Class and Collective Action Complaint.

301.     At all times relevant, Defendant has been an employer within the meaning of the Oregon Wage Law.

302.     At all times relevant, Plaintiff Sell and the members of the Oregon Rule 23 Class have been employees of Defendant within the meaning of the Oregon Wage Law.

303.     Plaintiff Sell and the Oregon Rule 23 Class are covered by the Oregon Wage Law.

304.     In violation of the Oregon Wage Law, Defendant failed to pay Plaintiff Sell and the members of the Oregon Rule 23 Class overtime at a wage rate of one and one-half times their regular rates of pay.

305.     In violation of the Oregon Wage Law, Defendant failed to make and keep accurate records of time worked by Plaintiff Sell and the members of the Oregon Rule 23 Class.

306.     Defendant's violations of the Oregon Wage Law, as described in this Amended Class and Collective Action Complaint, have been willful and intentional.

307.     As a direct and proximate result of Dick's unlawful conduct, as set forth herein, Plaintiff Sell and the Oregon Rule 23 Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Dick's in an amount to be established at trial, liquidated damages, reasonable attorneys' fees and costs, statutory penalties, and such other legal and equitable relief as the Court deems just and proper.

## TWELFTH CAUSE OF ACTION
### Indiana Wage Laws – Unpaid Overtime
### (Brought on Behalf of Plaintiff Albacete and the Indiana Rule 23 Class)

308.     Plaintiff Albacete re-alleges and incorporates by reference all allegations in all preceding paragraphs.

309.     Defendant engaged in a widespread pattern, policy, and practice of violating the Indiana Wage Laws, as detailed in this Amended Class and Collective Action Complaint.

310.     At all relevant times, Defendant has been an employer within the meaning of Indiana Wage Laws.

311.     At all times relevant, Plaintiff Albacete and the members of the Indiana Rule 23 Class have been employees of Defendant within the meaning of the Indiana Wage Laws.

312.     Plaintiff Albacete and the Indiana Rule 23 Class are covered by the Indiana Wage Laws.

313.     In willful violation of the Indiana Wage Laws, Defendant failed to promptly pay all wages, including all overtime wages for all overtime hours worked, earned to Plaintiff Albacete and the Indiana Rule 23 Class.

314.     As a direct and proximate result of Dick's unlawful conduct, as set forth herein, Plaintiff Albacete and the Indiana Rule 23 Class have sustained damages for unpaid wages, overtime, reasonable attorneys' fees and costs of this action, liquidated and other damages as provided by Indiana Wage Laws, prejudgment and post-judgment interest, injunctive and declaratory relief, and such other legal and equitable relief the Court deems just and proper.

## THIRTEENTH CAUSE OF ACTION
### Connecticut Wage Law – Unpaid Overtime
### (Brought on Behalf of Plaintiff Lissabet and the Connecticut Rule 23 Class)

315.     Plaintiff Lissabet re-alleges and incorporates by reference all allegations in all

preceding paragraphs.

316.    Defendant engaged in a widespread pattern, policy, and practice of violating the

Connecticut Wage Law, as detailed in this Amended Class and Collective Action Complaint.

317.    At all relevant times, Defendant has been an employer within the meaning of

Connecticut Wage Law.

318.    At all times relevant, Plaintiff Lissabet and the members of the Connecticut Rule

23 Class have been employees of Defendant within the meaning of the Connecticut Wage Law.

319.    Plaintiff Lissabet and the Connecticut Rule 23 Class are covered by the

Connecticut Wage Law.

320.    In willful violation of the Connecticut Wage Law, Defendant failed to promptly

pay all wages, including all overtime wages for all overtime hours worked, earned to Plaintiff

Lissabet and the Connecticut Rule 23 Class.

321.    As a direct and proximate result of Dick's unlawful conduct, as set forth herein,

Plaintiff Lissabet and the Connecticut Rule 23 Class have sustained damages for unpaid wages,

overtime, reasonable attorneys' fees and costs of this action, liquidated and other damages as

provided by Connecticut Wage Law, prejudgment and post-judgment interest, injunctive and

declaratory relief, and such other legal and equitable relief as the Court deems just and proper.

### FOURTEENTH CAUSE OF ACTION
**Massachusetts Wage Laws – Unpaid Overtime**
**(Brought on Behalf of Plaintiff Hannon and the Massachusetts Rule 23 Class)**

322.    Plaintiff Hannon re-alleges and incorporates by reference all allegations in all

preceding paragraphs.

323.    Dick's engaged in a widespread pattern, policy, and practice of violating the

Massachusetts Wage Laws, as detailed in this Amended Class and Collective Action Complaint.

324.    At all relevant times, Defendant has been an employer within the meaning of Massachusetts Wage Laws.

325.    At all times relevant, Plaintiff Hannon and the Massachusetts Rule 23 Class have been employees of Dick's within the meaning of the Massachusetts Wage Laws.

326.    Plaintiff Hannon and the Massachusetts Rule 23 Class are covered by the Massachusetts Wage Laws.

327.    Dick's has failed to pay Plaintiff Hannon and the Massachusetts Rule 23 Class overtime wages to which they are entitled under the Massachusetts Wage Laws.

328.    Dick's failed to pay Plaintiff Hannon and the Massachusetts Rule 23 Class overtime at a rate of one and one-half times their regular rates of pay.

329.    Dick's failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Hannon and the Massachusetts Rule 23 Class.

330.    Dick's violations of the Massachusetts Wage Laws, as described in this Amended Class and Collective Action Complaint, have been willful and intentional.

331.    As a direct and proximate result of Dick's unlawful conduct, as set forth herein, Plaintiff Hannon and the Massachusetts Rule 23 Class have sustained damages, including unpaid overtime, reasonable attorneys' fees and costs of the action, treble damages as provided for by the Massachusetts Wage Laws, prejudgment and post-judgment interest, and such other legal and equitable relief provided as the Court deems just and proper.

### FIFTEENTH CAUSE OF ACTION
**Massachusetts Wage Laws – Wage Payment Provisions**
**(Brought on Behalf of Plaintiff Hannon and the Massachusetts Rule 23 Class)**

332.    Plaintiff Hannon re-alleges and incorporates by reference all allegations in all preceding paragraphs.

333.    Dick's engaged in a widespread pattern, policy, and practice of violating the Massachusetts Wage Laws, as detailed in this Amended Class and Collective Action Complaint.

334.    The Massachusetts Wage Laws, Mass. Gen. Laws ch. 149, § 148, provide that an employer must pay wages earned by an employee within six days of the termination of the pay period during which the wages were earned.

335.    Dick's has violated the Massachusetts Wage Laws by failing to pay all compensation owed to Plaintiff Hannon and Massachusetts Rule 23 Class within six days after the end of the pay period during which the wages were earned.

336.    Plaintiff Hannon has satisfied all prerequisites and conditions precedents necessary to seek the remedies sought in this action.

337.    Pursuant to the Massachusetts Wage Laws, Mass. Gen. Laws ch. 149, §§ 148 and 150, Dick's is liable to Plaintiff Hannon and Massachusetts Rule 23 Class for three times their unpaid compensation, plus attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice to the FLSA Collective.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

C.      Unpaid overtime pay, penalties, interest, and other damages as permitted by law pursuant to the Ohio Wage Laws, New Jersey Wage Law, New York Wage Law, Pennsylvania Wage Law, Colorado Wage Laws, Oregon Wage Law, Indiana Wage Laws, Connecticut Wage Law, and Massachusetts Wage Laws;

D.      Certification of the Ohio, New Jersey, New York, Pennsylvania, Colorado, Oregon, Indiana, Connecticut, and Massachusetts Rule 23 Classes pursuant to Rule 23;

E.      Designation of Plaintiff Juric as class representative of the Ohio Rule 23 Class, and counsel of record as Class Counsel;

F.      Designation of Plaintiff Stuhl as class representative of the New Jersey Rule 23 Class, and counsel of record as Class Counsel;

G.      Designation of Plaintiff McDavid as a class representative of the New York Rule 23 Class, and counsel of record as Class Counsel;

H.      Designation of Plaintiff Dye as a class representative of the Pennsylvania Rule 23 Class, and counsel of record as Class Counsel;

I.      Designation of Plaintiff Kanowitz as a class representative of the Colorado Rule 23 Class, and counsel of record as Class Counsel;

J.      Designation of Plaintiff Sell as a class representative of the Oregon Rule 23 Class, and counsel of record as Class Counsel;

K.      Designation of Plaintiff Albacete as a class representative of the Indian Rule 23 Class, and counsel of record as Class Counsel;

L.      Designation of Plaintiff Lissabet as a class representative of the Connecticut Rule 23 Class, and counsel of record as Class Counsel;

M.      Designation of Plaintiff Hannon as a class representative of the Massachusetts Rule 23 Class, and counsel of record as Class Counsel;

N.      Issuance of a declaratory judgment that the practices complained of in this Amended Class and Collective Action Complaint are unlawful;

O.      Prejudgment and post-judgment interest;

P.      An injunction requiring Defendant to pay all statutorily required wages and cease the unlawful activity described herein;

Q.      Reasonable incentive awards for the named Plaintiffs to compensate them for the time they have spent and will spend attempting to recover wages for Class and Collective Members and for the risks they took in doing so;

R.      Reasonable attorneys' fees and costs of the action; and

S.      Such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: June 11, 2020
Pittsburgh, Pennsylvania

Respectfully submitted,

By: _/s/ Gary F Lynch_____
     Gary F. Lynch

**CARLSON LYNCH LLP**
Gary F. Lynch (PA 56887)
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel.: (412) 322-9243
Fax: (412) 231-0246
Email: glynch@carlsonlynch.com

**OUTTEN & GOLDEN LLP**
Justin M. Swartz* (NY 4059499)
685 Third Avenue, 25th Floor
New York, NY 10017
Tel.: (212) 213-4596
Fax: (646) 509-2060
Email: jms@outtengolden.com

Pooja Shethji* (DC 1632574)
601 Massachusetts Ave NW, Suite 200W
Washington, DC 20001
Tel.: (202) 918-2382
Fax: (202) 847-4410
Email: pshethji@outtengolden.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz* (FL 11398)
Tamra Givens* (FL 657638)
Logan A. Pardell* (FL 0118843)
951 Yamato Rd, Suite 285
Boca Raton, FL 33431
Tel.: (800) 616-4000
Fax: (561) 447-8831
Email: gshavitz@shavitzlaw.com
Email: tgivens@shavitzlaw.com
Email: lpardell@shavitzlaw.com

Michael Palitz* (NY 4841771)
830 3rd Avenue, 5th Floor
New York, NY 10022
Tel.: (800) 616-4000
Fax: (561) 447-8831
Email: mpalitz@shavitzlaw.com

*\* Pro hac vice*

*Attorneys for Plaintiffs and the Putative
Classes and Collective*